**In re RAINBOW et al.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V91–78695.

Decided Dec. 20, 1993.

*Deborah L. Rainbow* and *Lemar Carlisle, pro se,* applicants.

*Lee Fisher,* Attorney General, for the state.

RUSSELL LEACH, Judge.

This matter came to be considered upon the Attorney General's appeal from the May 29, 1993 order issued by a panel of commissioners. The panel of commissioners, by a majority decision, affirmed the decision of the single commissioner, which denied applicant's claim, stating that R.C. 2903.08 applies only to cases where a person is seriously injured by a reckless driver, but survives the injury. Therefore, the panel concluded that the decedent, Joyce L. Rainbow, was not a victim of "criminally injurious conduct" as defined in R.C. 2743.51(C).

R.C. 2743.51(C)(1) states, in pertinent part:

"* * * Criminally injurious conduct does not include conduct arising out of the ownership, maintenance, or use of a motor vehicle, except when any of the following applies:

"(a) The person engaging in the conduct intended to cause personal injury or death;

"(b) The person engaging in the conduct was using the vehicle to flee immediately after committing a felony or an act that would constitute a felony but for the fact that the person engaging in the conduct lacked the capacity to commit the felony under the laws of this state;

"(c) The person engaging in the conduct was using the vehicle in a manner that constitutes an OMVI violation;

"(d) The conduct occurred on or after July 25, 1990, and the person engaging in the conduct was using the vehicle in a manner that constitutes a violation of section 2903.08 of the Revised Code."

R.C. 2903.08, which was effective at the time of this incident, provides, in pertinent part:

"(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall recklessly cause serious physical harm of the type described in division (E)(2) or (5) of section 2901.01 of the Revised Code to another person."

A review of the facts in this matter reveals that the victim, Joyce L. Rainbow, was killed as a result of a vehicle, driven by Rivon Hackett, colliding with a porch where she and four other individuals, who were injured, were located. Hackett was charged with aggravated vehicular homicide (R.C. 2903.06) as a result of Joyce Rainbow's death.

At the hearing before the court, the assistant attorney general argued that to compensate someone who is injured as a result of an incident similar to this and who survives but to deny compensation to someone who was killed as a result of the incident is not only unfair, but unconstitutional. Although the Attorney General did not see fit to provide an assistant attorney general to argue the contrary, it is not the responsibility or authority of this court to award (or deny) awards based upon its idea of fairness. Further, this court does not find any violation of the Ohio and United States Constitutions.

On the other hand, we find the decision of the panel of commissioners to be both unreasonable and unlawful. One cannot be found guilty of aggravated vehicular homicide without committing the lesser included offense of aggravated vehicular assault. A "lesser included offense" has been defined by Justice Holmes, in *State v. Deem* (1988), 40 Ohio St.3d 205, 209, 533 N.E.2d 294, 298, as follows:

"An offense may be a *lesser included offense* of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." (Emphasis added.)

4 Ohio Jury Instructions, Criminal, Section 503.08, at paragraph 5, provides that "physical harm to persons" (as described in R.C. 2903.08—aggravated vehicular assault) means any injury, illness, or other physiological impairment, regardless of its gravity or duration. Applying the above guidelines, an injury resulting in death is, nevertheless, an injury.

Accordingly, this court will reverse the decision of the panel of commissioners and grant the applicant an award of reparations in the amount of $2,500 for unreimbursed funeral expenses.

*Judgment accordingly.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.