CITY OF MIDDLETOWN, Appellee,

v.

ROBERDS, Appellant.

[Cite as *Middletown v. Roberds* (1996), 112 Ohio App.3d 678.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–01–005.

Decided July 22, 1996.

*Bruce Fassler,* Middletown City Prosecutor, for appellee.

*Thomas G. Eagle Co., L.P.A.,* and *Thomas G. Eagle,* for appellant.

KOEHLER, Judge.

Defendant-appellant, Kenny A. Roberds, appeals from his conviction in the Middletown Municipal Court for menacing in violation of Middletown Codified Ordinance 636.05. We affirm.

Appellant and the complaining witness, Sherry Goodlett, were both employed by the Ohio Department of Transportation ("ODOT") at its Warren County location on Route 741. Sherry Goodlett's husband, Tim Goodlett, worked for ODOT at a different location, but was a former coworker of appellant. Tim Goodlett had testified in a previous case involving appellant, which concerned the theft of pipe from ODOT.

About three weeks before Sherry Goodlett returned to work from maternity leave on September 5, 1995, appellant and Tim Goodlett had a conversation in the ODOT parking lot. Tim Goodlett told appellant that Sherry was afraid of him and appellant replied that Sherry "[had] something to worry about." Tim later relayed the conversation to Sherry.

Sherry Goodlett called the Middletown Police Department on September 5 and reported that appellant, driving a red Ford Explorer with his wife Judy as a passenger, had followed her home from work. Goodlett reported similar incidents to the police on September 6 and 11. On September 12, a Middletown detective observed appellant following Goodlett home. Appellant and Judy Roberds were both arrested and charged with menacing by stalking in violation of Middletown Codified Ordinance 636.045.

Following a bench trial, Judy Roberds was found not guilty of menacing by stalking. Appellant was found not guilty of menacing by stalking but was found guilty of the lesser included offense of menacing. Appellant assigns the following as error:

Assignment of Error No. 1:

"The trial court erred in denying the defendant's motion to dismiss on the basis of double jeopardy."

Assignment of Error No. 2:

"The trial court erred in convicting the defendant of menacing."

In his first assignment of error, appellant argues that his state employment was terminated for failure of good behavior based upon the same conduct towards Sherry Goodlett which is outlined in the charging document. Appellant therefore contends that the Double Jeopardy Clause of the Fifth Amendment [1] prevents the criminal prosecution since ODOT has already punished him by terminating his state employment.

In *United States v. Payne* (C.A.6, 1993), 2 F.3d 706, a postal carrier who was removed from employment and then indicted based on similar claims of

---

1. The Fifth Amendment Double Jeopardy Clause provides: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *."

wrongdoing argued that the criminal prosecution should be barred on double jeopardy principles. In that case, the court held that the employee's termination served the legitimate nonpunitive governmental objective of enforcing the conditions of employment. *Id.* at 710–711. The court concluded that the administrative dismissal therefore "did not amount to a determination of punishment for double jeopardy purposes." *Id.* at 711.

In this case, appellant's employment at ODOT was subject to termination for failure of good behavior. See R.C. 124.34. It was determined via an administrative proceeding that appellant's conduct fell short of the good behavior upon which his employment was conditioned. As a result, appellant's employment was terminated. We agree with the result in *Payne* and find that appellant's termination met a nonpunitive governmental objective. Therefore, a subsequent criminal prosecution would not be barred on double jeopardy grounds. See, also, *State v. Sims* (Aug. 21, 1995), Butler App. Nos. CA94–12–215, CA94–12–217, CA95–02–025, CA95–02–033 and CA95–045–064, unreported, 1995 WL 493291 (administrative proceeding characterized as nonpunitive and remedial does not implicate the Double Jeopardy Clause). Appellant's first assignment of error is overruled.

Appellant raises several subissues in his second assignment of error. First, appellant argues that although he and his wife engaged in the same conduct, he was found guilty of menacing while his wife was found not guilty. Appellant concludes that that result denied him equal protection under the law,[2] because "the only material difference between the two is their sex."

Equal protection permits a classification which is reasonable, not arbitrary, and related to the public purpose sought to be achieved by the legislation involved. 16A American Jurisprudence 2d (1979) 776–777, Constitutional Law, Section 738. A law must have the same effect on all persons in the same class and under similar conditions. *Id.* at 847–848, Section 756. Legislation which applies a uniform rule of conduct to all those coming within its scope, however, may not be challenged on equal protection grounds because others differently situated may not be affected by its terms. *Id.* at 848–849. See, also, *State v. Hanlon* (1907), 77 Ohio St. 19, 33–34, 82 N.E. 662, 665.

In this case, appellant's equal protection argument fails because appellant and his wife were not similarly situated in terms of the conduct which led to appellant's menacing conviction. There was evidence that appellant had a previous conversation with Tim Goodlett, in which appellant stated that Sherry

---

2. Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, no state shall "deny to any person within its jurisdiction the equal protection of the laws."

had "something to worry about." Appellant was the driver of the vehicle which followed Sherry Goodlett as she drove home from work. Sherry Goodlett testified that she felt "[v]ery scared, [v]ery uncomfortable" when appellant was following her. The record contains sufficient evidence to differentiate appellant's conduct from that of his wife for equal protection purposes in the application of Middletown's menacing ordinance. See *Akron v. Kirby* (Feb. 28, 1996), Summit App. No. 17307, unreported, 1996 WL 84630 (Equal Protection Clause concerns only that legislation which affects similarly situated people differently).

Next, appellant argues that menacing is not a lesser included offense to menacing by stalking under the Middletown Codified Ordinances. Middletown Codified Ordinance 636.045(a)(1), defining menacing by stalking, provides that "[n]o person, by engaging in a pattern of conduct, shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Middletown Codified Ordinance 636.05(a), defining menacing, provides that "[n]o person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person * * *."

■ A lesser included offense is an offense "having a penalty of lesser degree than the indicted offense and which, as statutorily defined, is necessarily included within such indicted offense." *State v. Deem* (1988), 40 Ohio St.3d 205, 209, 533 N.E.2d 294, 298, citing *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311, paragraph one of the syllabus.

■ In this case, the trial court found that the "State clearly showed that * * * Mr. Roberds did knowingly cause another to believe that Mr. Roberds would cause physical harm to her person or property." This finding, if coupled with a finding of a pattern of conduct, would have constituted menacing by stalking under the municipal ordinance. Without the pattern of conduct, the court's finding fits appellant's conduct squarely within the menacing ordinance. Therefore, the trial court appropriately characterized menacing as a lesser included offense of menacing by stalking. See *Deem*, 40 Ohio St.3d at 209, 533 N.E.2d at 298.

Finally, appellant argues that his conviction for menacing is against the manifest weight of the evidence. A reviewing court will not reverse a conviction where there is substantial evidence to support the trial court's conclusion that the elements of the offense were proven beyond a reasonable doubt. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 59, 526 N.E.2d 304, 306–307.

■ The record contains testimony that there was a "problem" between appellant and the Goodletts stemming from the fact that Tim Goodlett had testified in a prior case involving appellant, and because Sherry Goodlett was

perceived by appellant as spreading rumors about him. Appellant and Tim Goodlett had a conversation where Tim made appellant aware that Sherry was afraid of him. Detective Sorrell of the Middletown Police Department observed appellant keeping pace with Sherry Goodlett down the interstate as she drove home from work, exiting the interstate when she did. When Sherry Goodlett turned right at Towne Boulevard, taking a route other than her normal route home at the request of police, appellant cut through the Meijer's parking lot on Towne Boulevard at a high rate of speed, and then caused oncoming vehicles to brake as he exited the lot to get behind appellant's vehicle.

The trial court concluded that the above course of conduct established the elements of menacing beyond a reasonable doubt. We agree and find that there is substantial evidence in the record to support the trial court's guilty finding on that offense. See *Eskridge,* 38 Ohio St.3d at 59, 526 N.E.2d at 306–307. Having addressed the various issues raised in appellant's second assignment of error, we overrule the assignment in its entirety.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.