OPINION
Both the Ohio and the United States Constitutions protect individuals from unreasonable searches and seizures. TheFourth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution. However, an officer may reasonably conduct an investigatory stop if he or she can, "* * * point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the stop. Terryv. Ohio (1968), 392 U.S. 1, 19-20. The determination of whether a stop is warranted depends on whether, considering the totality of the circumstances, the officer had an objective and particularized suspicion that, "* * * criminal activity was afoot." State v.Andrews (1991), 57 Ohio St.3d 86, 87.
The facts the officer relies upon to form a reasonable suspicion may be supplied by others, as well as from personal observations. Adams v. Williams (1972), 407 U.S. 143, 147. The reasonableness of the officer's reliance on an informant's information to support a finding of a "reasonable suspicion" must be judged by looking at the informant's reliability, credibility, etc., under the totality of the circumstances. Id. Whether an anonymous tip[1] can form the reasonable basis for an investigatory stop depends on the content of the information relayed and its degree of reliability. Alabama v. White (1990),496 U.S. 325, 330.
In regard to tips received from "the average citizen", the following has been noted:
 "* * * [T]he more fundamental point is that when an average citizen tenders information to the police, the police should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be the case. * * *
 "* * * [A]s a general proposition any person purporting to be a crime victim or witness may be presumed reliable, though the police must remain alert to the existence of any circumstances which would make that presumption inoperative in a particular case." 2 LeFave, Search and Seizure (1996) 210-212, Section 3.4(a).
Another important factor in evaluating the reliability of an informant's tip is the degree to which it predicts future behavior of third parties. In Alabama v. White, 496 U.S. at 332, the United States Supreme Court stated "When significant aspects of the caller's predictions were verified, there was reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the stop."
In State v. Andrews, 57 Ohio St.3d at 87-89, the Ohio Supreme Court stated:
 "* * * Furthermore, the standard against which the facts [that warrant a stop to investigate] are judged must be an objective one: `[W]ould the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate?' (Citation omitted.)
 "* * * [A totality of the surrounding circumstances is] to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. (Citations omitted.) A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement. (Citation omitted.)
"* * *
 "`The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause for arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response.' (Citation omitted.) In this case a brief stop of Andrews, while [the officer] determined his identity, was reasonable."
See, also, Illinois v. Gates (1982), 462 U.S. 213, 245. ("[I]nnocent behavior frequently will provide the basis for a showing of probable cause; to require otherwise would be to subsilentio impose a drastically more rigorous definition of probable cause than the security of our citizens' demands. * * * [T]he relevant inquiry is not whether particular conduct is `innocent' or `guilty,' but the degree of suspicion that attaches to particular types of noncriminal behavior.")
In the case sub judice, appellant was stopped based upon a phone call received by the police dispatcher from several women in a car. These callers stated that they were being followed by a black pickup truck bearing license number NU 12 LB, appellant's vehicle. The female callers stated that they were in a blue Bonneville vehicle; that they had been followed by the black pickup truck from a bar in downtown Toledo[2]; and that they were concerned and did not know why the pickup truck was following them. The dispatcher directed the callers to drive towards the Maumee police station. Immediately after receiving the dispatch, a police officer left the police station, turned north onto Conant Street and, approximately three minutes after the time of the dispatch, observed the two vehicles described by the female callers traveling southbound toward and one block from the police station. This officer continued to observe appellant's vehicle traveling one car length behind the blue Bonneville for about thirty yards before the officer activated his cruiser lights and stopped appellant.
Appellant asserts that, at the time of the stop, the police officer did not have a reasonable and articulable suspicion that appellant was engaged in criminal activity, basing his argument on the police officer's testimony that he did not observe any traffic offense and the police officer's statement that following someone is not illegal. However, contrary to appellant's assertion, it is conceivable that appellant's behavior would come within the purview of R.C. 2903.22, Menacing. See,Middletown v. Roberds (1996), 112 Ohio App.3d 678.
When a reviewing court determines whether a stop was proper, it must consider the totality of the circumstances. Statev. Freeman (1980), 64 Ohio St.2d 291. The totality of the circumstances in this case supports a finding that the officer possessed the requisite suspicion to stop appellant and investigate further, as the informants in this case provided the police with a basis for their knowledge and observations, as well as the necessary details which were corroborated when the police officer observed appellant's vehicle following the blue Bonneville approximately three minutes after the dispatch. As stated by the United States Supreme Court in Adams v. Williams, 407 U.S. at 146, "[a] brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be most reasonable in light of the facts known to the officer at the time." This court believes this passage properly applies to the facts in the case sub judice. Therefore, we find that under the circumstances of the present case, the anonymous citizens' call provided sufficiently specific and articulable facts when combined with the police officer's confirmation of the callers' prediction that appellant was following their vehicle to form a proper basis for a reasonable suspicion to briefly stop appellant's vehicle.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Maumee Municipal Court is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.
[1] Neither the names nor the addresses of the female callers were obtained by the dispatcher. Additionally, the women did not stop at the police station, although it does not appear that they were directed to stop. Accordingly, this court will treat them as anonymous informants.
[2] The distance between downtown Toledo and the Maumee police station is approximately ten miles.