OPINION
Defendant-appellant Don Ewing appeals from his conviction and sentence for Aggravated Burglary, Improperly Discharging a Firearm at or into a Habitation or School, and Felonious Assault. Ewing contends that the trial court committed plain error by failing to instruct the jury on the lesser-included offense of Aggravated Assault, that the evidence in the record was insufficient to support a conviction for Felonious Assault, and that the evidence in the record was insufficient to support a conviction for Aggravated Burglary.
We conclude that there is no reasonable view of the evidence that would support a finding of serious provocation to support a conviction for Aggravated Assault, and that the trial court did not commit plain error by failing to instruct the jury in this regard. We further conclude that evidence in the record supports a finding of intent to inflict physical harm by means of a deadly weapon. Finally, we conclude that there is evidence in the record to support a finding that Ewing intended to commit a criminal offense when he broke into the victims' residence, so that his conviction for Aggravated Burglary is supported by the evidence in the record.
Accordingly, the judgment of the trial court is Affirmed.
 I
In late June, 1998, Consuella Ewing and her daughter, Nicole, moved out of the marital residence they shared with defendant-appellant Don Ewing, and moved in with Consuella's family. Mrs. Ewing obtained a civil protection order.
On the evening of August 21, 1998, Mrs. Ewing and Nicole were at home with Mrs. Ewing's mother, Glyndon Wilson, her brother and sister-in-law, Edward and Rhonda Wilson, and Rhonda's god-child, when Ewing telephoned the house several times. During the first call, Ewing said, "So you guys think I'm playing." Two subsequent calls were made.
Within a few minutes after the third call was placed, sounds of broken glass were heard coming from the bedroom in the rear of the house. Shortly thereafter, several gunshots were fired from that same room, before Ewing appeared, ran into the adjacent bedroom where Mrs. Ewing, Nicole and Glyndon Wilson were located, and, after punching Glyndon in the face, placed a gun to Consuella's head. With the gun still pointed at Consuella, Ewing proceeded to grab her by the hair and throw her onto the bed.
Edward Wilson was in the kitchen when he heard the glass break and the shots fired. When he heard Consuella shout, "Oh my God, Donny's in the house," Wilson went to the basement to get a baseball bat, and then ran back toward the bedroom. Upon entering the bedroom and seeing Ewing with a gun to Consuella's head, Wilson struck Ewing with the bat, losing the bat in the process. Ewing and Edward Wilson then began to wrestle with each other, with Wilson trying to get the gun away from Ewing. During this struggle, the gun went off, shooting Edward Wilson in the chin. At this point, with Edward Wilson now shot, and slumped over the bed, Ewing stood up over Wilson, pointed the gun at Wilson's body, and fired a second shot, which pierced Edward's left arm, shattering the bone. After the shootings, Ewing again grabbed Consuella by the hair, this time dragging her from the bedroom into the living room. In the living room, Ewing fired a bullet through a locked door that led to the attic where Rhonda Wilson and her god-daughter were hiding. Ewing then walked with Consuella toward the front of the house, and after slamming Consuella's head into a steel door, told her "I ought to kill your monkey ass." Ewing then fled the scene.
Ewing was arrested and charged with Aggravated Burglary, Improperly Discharging a Firearm at or into a Habitation or School, and Felonious Assault. Following a jury trial, Ewing was found guilty as charged. A judgment of conviction was entered, and he was sentenced accordingly.
From his conviction and sentence, Ewing appeals.
 II
Ewing's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED BY NOT PROVIDING A JURY INSTRUCTION ON AGGRAVATED ASSAULT.
Ewing did not seek an instruction on the lesser-included offense of Aggravated Assault, so this assignment of error is governed by the plain error standard of review. Ewing testified in his own defense, and his defense strategy, as exemplified by his testimony, was clearly an all-or-nothing defense to the Felonious Assault charge. He testified that his shooting of Wilson was inadvertent, the gun having discharged accidentally. Ewing testified that he did not intend to hurt anyone. Thus, Ewing's testimony was inconsistent with a finding that his shooting of Wilson was occasioned as the result of serious provocation.
Furthermore, the State's evidence was not consistent with a finding that the second shooting was occasioned as the result of serious provocation by the victim. Although even the State appears to concede that the first firing of the gun may have been an accidental result of the struggle between Ewing and Wilson, the State's evidence establishes that the second shooting occurred 10 to 15 seconds later, with Wilson slumped or sitting on the bed, having just been shot, and Ewing standing over him.
In a prosecution for Felonious Assault, a trial court is only required to give an instruction on the lesser-included offense of Aggravated Assault where there is evidence in the record from which a jury could reasonably find that the assault was the product of sudden passion or a sudden fit of rage, brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force. State v.Deem (1988), 40 Ohio St.3d 205. In our view, there is not sufficient evidence in this record from which a reasonable juror could find that either shooting was the product of sudden passion or a sudden fit of rage occasioned by serious provocation. Accordingly, the trial court did not err when it failed to give an instruction on the lesser-included offense of Aggravated Assault.
Furthermore, even if the failure to give an instruction on Aggravated Assault had been error, we would not find it to have been plain error under the circumstances of this case. Ewing's desire to seek an instruction on Aggravated Assault appears to have been part of an all-or-nothing trial strategy in which Ewing claimed that the shootings were entirely accidental. We could not say, given the facts in the record in this case, that the result would clearly have been otherwise had an instruction on Aggravated Assault been given. Nor can we say that it is necessary to find plain error in this case to correct a manifest injustice.
Ewing's First Assignment of Error is overruled.
 III
Ewing's Second Assignment of Error is as follows:
 THE EVIDENCE IN THE CASE BELOW DOES NOT SUPPORT A CONVICTION FOR FELONIOUS ASSAULT BEYOND A REASONABLE DOUBT.
Ewing contends that the State's proof failed to establish that Ewing knowingly caused physical harm to Wilson. We agree with the State, however, that although the testimony of its witnesses is consistent with a finding that the first firing of the gun may have been accidental, their testimony, if believed, is sufficient to prove, beyond reasonable doubt, that when Ewing shot Wilson the second time he intended to cause physical harm.
Ewing's Second Assignment of Error is overruled.
 IV
Ewing's Third Assignment of Error is as follows:
 THE STATE OF OHIO DID NOT DEMONSTRATE WITH PROOF BEYOND A REASONABLE DOUBT THAT A APPELLANT HAD A PURPOSE TO COMMIT A CRIMINAL OFFENSE TO SUPPORT A GUILTY VERDICT OF AGGRAVATED BURGLARY.
Ewing contends that his conviction for Aggravated Burglary must be reversed because there is insufficient evidence that he intended to commit a criminal offense when he broke into the residence where his victims were staying. This claim is made in the face of the State's evidence that after Ewing broke into the house, he fired several shots, and then, as soon as he confronted Mrs. Ewing, grabbed her by the hair, held a gun to her head, and said, "I told you I wasn't fooling you or anything." We agree with the State that Ewing's conduct immediately after breaking into the house supports an inference, beyond reasonable doubt, that in breaking into the house he intended, at a minimum, to cause his wife to believe that he would cause serious physical harm to her, which constitutes the offense of Aggravated Menacing.
Aggravated Burglary is committed when a person, by force, shall trespass in an occupied structure when a person other than an accomplice of the offender is present, with the purpose to commit in the structure any criminal offense, if any of the following apply: (1) the offender inflicts, or attempts or threatens to inflict, physical harm on another. R.C.2911.11(A)(1).
We agree with the State that a reasonable jury could find, from the evidence it presented, that Ewing intended to commit, at a minimum, the offense of Aggravated Menacing when he broke into the residence, and that he subsequently inflicted physical harm upon Wilson.
Ewing's Third Assignment of Error is overruled.
 V
All of Ewing's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J,. and BROGAN J., concur.
Copies mailed to:
Andrew T. French
David J. Fierst
Hon. Jeffrey Froelich