JOURNAL ENTRY and OPINION
Appellant Clinton Reider appeals the decision of the trial court convicting him of assault and sentencing him accordingly. Reider assigns the following error for our review:
 THE TRIAL COURT ERRED IN FAILING TO GIVE AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On the evening of November 26, 1998, Cleveland Police Officer Gordon Holmes was working a part-time job providing security for a group of bars in the Flats area of Cleveland. The security job was authorized by the Cleveland Police Department, and Holmes was working in full uniform and wore his badge on the outside of his blue jacket. As Holmes stood outside a tavern known as Bar Cleveland, a man ran up to him and said a male was beating a female in an alley across the street. Holmes ran to the alley to investigate. He saw three people standing in the alley one male and two females. The male was later identified as Clinton Reider. The women were Reider's girlfriend, Tara Leonard, and their friend, Kerry Morehart. Holmes saw a struggle between Leonard and Reider. Reider appeared to be punching, pulling, and pushing the female. Holmes yelled Stop, I'm the police. Stop. Holmes continued to approach the group, yelling Police. Stop your actions. When he got halfway up the alley, Holmes saw the three go behind a dumpster. He saw Reider make a fist and take two swings in Leonard's direction.
When he reached Reider, Holmes spun him around, looked at him and said What are you doing? I tell you I'm the police, I'm telling you you got to stop. Immediately thereafter, Reider grabbed Holmes, kicked his right leg from under him and took him to the ground. As they fell to the ground, Holmes' expandable baton fell from its holster. Also a can of pepper spray in a pouch on Holmes' waist was discharged, covering the officer's backside. As the two men struggled, Reider continued to swing and punch Holmes as Holmes struggled to retrieve his baton.
Another officer, Michael Koprowski, came to assist Holmes. He ran toward the alley yelling You're fighting with a policeman. When Reider continued to struggle with Holmes, Koprowski tackled him, causing Reider's head to hit the side of the building. The two officers struggled with Reider, eventually handcuffing him. Reider was arrested and charged with assault with peace officer specifications, a fourth degree felony.
At trial, Morehart and Leonard testified that Reider's back was turned to the street as Holmes approached and that Reider could not have seen Holmes approaching him. Both women denied hearing Holmes announce that he was a police officer and stated that they did not know Holmes was a police officer until after Reider tackled him. Both women testified that Reider reacted instantaneously in tackling Holmes.
Reider denied hitting Leonard but admitted that the argument between them may have looked worse than it was. He testified that he did not see Holmes approach him and that Holmes never identified himself as a police officer. Earlier that evening, Reider had been involved in a dispute with another man. Reider testified that, when Holmes grabbed him, Reider thought he might be the man he'd argued with earlier. Reider, a former wrestler, testified that he acted immediately to take the man down and only after he had done so did he discover that Holmes was a police officer. Reider also testified that he was hit in the head with batons and sprayed with pepper spray while he was on the ground and that he struggled with the officers only to defend himself from being beaten.
At the end of the trial, the defense sought an instruction on the lesser included offense of disorderly conduct. However, the court stated on the record that it would not give a charge on disorderly conduct. The jury convicted Reider of assault, a first degree misdemeanor, and found him not guilty of the peace officer specification. Reider was sentenced to three years probation, ordered to maintain a full-time job, placed on home detention with an 11:00 p.m. curfew, ordered to complete anger management classes, fined $1,000.00, and ordered to pay court costs. This appeal followed.
In his sole assignment of error, Reider argues the trial court erred in failing to give an instruction on disorderly conduct as a lesser included offense of assault. Reider was charged with assault with a peace officer specification. R.C.2903.13 (A) 
(C)(3) provide:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree. (C)(3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.
R.C. 2917.11 defines disorderly conduct as follows:
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior.
In determining whether one offense is a lesser included offense of another, the court must determined if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Beard (Dec. 14, 1998), Butler App. No. CA98-02-019, unreported, citing State v. Deem(1988), 40 Ohio St.3d 205, 533 N.E.2d 294, at paragraph three of the syllabus. In Beard, the court recognized that, in some circumstances, disorderly conduct is a lesser included offense of assault. However, the defendant is not automatically entitled to an instruction on disorderly conduct.
 A charge on a lesser included offense is required only where the evidence presented at trial would reasonably support an acquittal on the greater crime and a conviction on the lesser included offense. The evidence regarding the lesser included offense must be considered in the light most favorable to the defendant.
Beard.
In his brief before this court, Reider argues that a reasonable factfinder could have determined that Reider engaged in violent or turbulent behavior and fighting. However, if Reider's testimony is taken as true, then a reasonable fact finder could find only that he acted in self-defense.
Reider testified that, when he felt himself being grabbed from behind, he instinctively turned around and immediately tackled Officer Holmes. He added that when he fell on top of Holmes, he realized Holmes was a police officer and tried to get back up. Reider stated that Holmes grabbed him and pulled him back down. Reider stated that he never swung at Holmes with his arms and hands and he was being pulled back down. (407) Reider said that, as he was trying to get up, he was tackled by Officer Koprowski. (408) He said he might have been moving away from Koprowski while he was on the ground, and stated that if I was struggling I was probably trying to defend myself after I got whacked in the head. He stated that, after he was hit on the head, he felt himself being sprayed with pepper spray which completely made me do nothing. (416). He added that, while he was on the ground and before he was sprayed with pepper spray, he was struggling away from not getting beat. (419)
If believed, Reider's testimony indicates that, in tackling Holmes, he was merely defending himself against what he perceived as an attack. The evidence is undisputed that Holmes grabbed Reider from behind. If we believe Reider's testimony that he was only reacting to a perceived threat, then Reider's actions could not reasonably be found to constitute reckless behavior that caused inconvenience, annoyance, or alarm to Holmes. As the court stated in Beard:
 The jury could not have reasonably concluded that appellant cause inconvenience and yet did not cause physical harm. Appellant's version of the events did not include causing any inconvenience, annoyance or alarm at all.
 Appellant testified that he was attacked by the officers from behind; he alleged that he was doing nothing wrong. Clearly, based on appellant's own testimony and defense, a jury instruction on disorderly conduct was not warranted. The jury could not have found appellant guilty of disorderly conduct and not guilty of assault.
Beard. See, also, State v. Matusic (Aug. 23, 1999), Belmont App. No. 96-BA-48, unreported, citing State v. Johnson (1988),36 Ohio St.3d 224, 226, 522 N.E.2d 1082, 1084 (A defendant is not entitled to an instruction on a lesser-included offense if he denies participation in any wrongdoing.)
It is undisputed that Reider tackled Officer Holmes. Holmes testified that, after he was on the ground, Reider repeatedly punched and elbowed him and attempted to gouge his eyes out. Reider denied hitting Holmes and insisted that he was only trying to disengage himself from the altercation. Because Reider's testimony, if believed, would constitute a complete defense to the crime of assault, the jury could not reasonably consider the lesser included offense of disorderly conduct. See State v. Calabria (May 22, 2000), Stark App. No. 1999CA00211, unreported. Based upon the evidence presented, the jury's only reasonable choices were either that Reider was guilty or not guilty of assaulting Officer Holmes. Id.Accordingly, the trial court did not err in failing to instruct the jury on the lesser included offense of disorderly conduct. Reider's assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and TERRENCE O'DONNELL, J., CONCUR.
PATRICIA ANN BLACKMON, JUDGE