THE STATE OF OHIO, APPELLANT, *v.* DEEM, APPELLEE.

[Cite as State *v.* Deem (1988), 40 Ohio St. 3d 205.]

206

(No. 87-1808—Submitted October 4, 1988—Decided December 30, 1988.)

*George E. Pattison,* prosecuting at-
torney, and *Lawrence R. Fisse,* for ap-
pellant.

*John K. Daggett,* for appellee.

HOLMES, J. This case presents us
with the recurring issue of whether the
jury in a criminal trial should be in-
structed on a particular offense for
which the defendant was not indicted
as a lesser offense of the crime for
which the defendant was indicted, pur-
suant to R.C. 2945.74 and Crim. R.
31(C). Specifically, appellee insists that
he was entitled to a jury instruction on
aggravated assault as a lesser included
offense of felonious assault, based on
the evidence of provocation which he
presented at trial. We disagree and
thus reverse the court of appeals since,
in the final analysis, the evidence of
provocation presented by appellee was
insufficient, as a matter of law, to sup-
port a conviction on aggravated
assault.

R.C. 2945.74 provides, in pertinent
part:

"The jury may find the defendant
not guilty of the offense charged, but
guilty of an attempt to commit it if
such attempt is an offense at law.
When the indictment or information
charges an offense, *including different
degrees,* or if other offenses are in-
cluded within the offense charged, the
jury may find the defendant not guilty
of the degree charged *but guilty of an
inferior degree thereof* or lesser in-
cluded offense. * * *" (Emphasis
added.)

Crim. R. 31 provides, in pertinent part:

"(C) Conviction of lesser offense. The defendant may be found not guilty of the offense charged but guilty of an attempt to commit it if such an attempt is an offense at law. When the indictment, information, or complaint *charges an offense including degrees,* or if lesser offenses are included within the offense charged, the defendant may be found not guilty of the degree charged *but guilty of an inferior degree thereof,* or of a lesser included offense." (Emphasis added.)

Heretofore, our discussion of lesser offenses in this context has considered only that group of lesser offenses which were both lesser than and necessarily included within the indicted offense, *i.e.,* lesser "included" offenses. See, *e.g., State* v. *Johnson* (1988), 36 Ohio St. 3d 224, 522 N.E. 2d 1082; *State* v. *Kidder* (1987), 32 Ohio St. 3d 279, 513 N.E. 2d 311; *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 18 O.O. 3d 528, 415 N.E. 2d 303; *State* v. *Kuchmak* (1953), 159 Ohio St. 363, 50 O.O. 327, 112 N.E. 2d 371. However,

an examination of the statute and rule governing which lesser offenses a jury may consider reveals two additional groups of lesser offenses on which, when supported by the evidence, a jury must be charged and on which it may reach a verdict: (1) attempts to commit the crime charged, if such an attempt is an offense at law; and (2) inferior degrees of the indicted offense. Each of these groups of offenses is conceptually separate and distinct from the group of lesser "included" offenses also provided for in the statute and rule.

Attempts, as criminal offenses, arise from R.C. 2923.02[1] and need not be included within the indictment for the completed offense. Rather, if during the course of trial the defendant presents sufficient evidence that his conduct was unsuccessful in constituting the indicted offense, an instruction to the jury on attempt would be proper.

Similarly, the group of "inferior degree[s]" of the indicted offense is wholly distinct from the group of "lesser included offenses." The term

---

[1] R.C. 2923.02 provides, in part:

"(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense.

"* * *

"(E) Whoever violates this section is guilty of an attempt to commit an offense. An attempt to commit aggravated murder or murder is a felony of the first degree. An attempt to commit an aggravated felony of the first or second degree is an aggravated felony of the next lesser aggravated degree than the aggravated felony attempted. An attempt to commit an aggravated felony of the third degree is a felony of the fourth degree. An attempt to commit any other offense is an offense of the next lesser degree

than the offense attempted. In the case of an attempt to commit an offense other than a violation of Chapter 3734. of the Revised Code that is not specifically classified, an attempt is a misdemeanor of the first degree if the offense attempted is a felony, and a misdemeanor of the fourth degree if the offense attempted is a misdemeanor. In the case of an attempt to commit a violation of any provision of Chapter 3734. of the Revised Code, other than section 3734.18 of the Revised Code, that relates to hazardous wastes, an attempt is a felony punishable by a fine of not more than twenty-five thousand dollars or imprisonment for not more than eighteen months, or both. An attempt to commit a minor misdemeanor, or to engage in conspiracy, is not an offense under this section."

"degrees" used in both the statute and the rule refers to the penalties for felonies and misdemeanors provided in R.C. 2929.11 and 2929.21, which are grouped into descending categories of imprisonment and fines according to the severity of the offense. An "offense, including different degrees," is an offense which, upon proof of a mitigating or aggravating element, is assigned a different "degree" of punishment. Until now, this court has not had occasion to discuss this group of lesser offenses. As a pedagogic example, the offense of kidnapping, R.C. 2905.01, is illustrative.

R.C. 2905.01(A) and (B) define the offense of kidnapping. R.C. 2905.01(C) provides the penalty for such offense, and states as follows:

"Whoever violates this section is guilty of kidnapping, an aggravated felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is an aggravated felony of the second degree."

Thus, when in a kidnapping trial the defendant presents sufficient evidence that he released the victim unharmed in a safe place, the jury should be instructed (upon a timely request) that it may so find and render a verdict of guilty to the inferior degree of kidnapping — an aggravated felony of the second degree. This is *not* a lesser *included* offense, but is still chargeable pursuant to R.C. 2945.74 and Crim. R. 31(C). Therefore, an offense is an "inferior degree" of the indicted offense where its elements are *identical* to or contained within the indicted offense, except for one or more additional mitigating elements which will generally be presented in the defendant's case.

Finally, then, R.C. 2945.74 and Crim. R. 31(C) allow the jury to consider a third group: lesser "included" offenses.[2] As essentially stated in the three-prong test adopted in *Kidder, supra,* paragraph one of the syllabus, a lesser included offense is an offense having a penalty of lesser degree than the indicted offense and which, as statutorily defined, is necessarily included within such indicted offense. The confusion between such lesser included offenses and "inferior degree[s]" of the indicted offense lies in their common characteristic: *both* groups carry penalties of lesser degree than the indicted offense. This confusion may be alleviated by the following modification of the language first used in *State* v. *Wilkins, supra,* and carried over into the *Kidder* test:

An offense may be a lesser *included* offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.

The foregoing meticulous analysis by this court of the language of R.C. 2945.74 and Crim. R. 31(C) has not been necessary in the past, in the main because applying such language to attempts and the typical "inferior degree[s]" like those of kidnapping has

---

[2] A fourth group of "lesser" offenses includes those completed offenses of a lesser degree for which the defendant was not indicted and which are neither *necessarily* included within the indicted offense nor identical to the indicted offense save for an additional mitigating element. An instruction on this fourth group of lesser offenses, due to their absence from R.C. 2945.74 and Crim. R. 31(C), may not be given to the jury.

presented little difficulty to trial courts. Clearly, the most litigated aspect of the language involved the group of lesser *included* offenses, which we struggled to finally settle in the syllabus of *Kidder*. In all our prior cases we have attempted to construe the language of the statute and rule in a manner which is truest to the legislative scheme of the General Assembly, and in a manner which is both clear and most just to all concerned. Our adoption of a test which looks to both the statutory elements of the offenses involved and the evidence supporting such lesser offenses as presented at trial is grounded primarily in the need for clarity in meeting the constitutional requirement that an accused have notice of the offenses charged against him. Sixth Amendment to the United States Constitution; Section 10, Article I of the Ohio Constitution. The instant case, which presents a unique example of a separate offense of an inferior degree to the indicted offense, reminds us that "[j]ustice is not to be taken by storm. She is to be wooed by slow advances." Cardozo, The Growth of the Law (Yale University Press 1924) 133.

This case does not involve an attempted felonious assault. Neither is aggravated assault, on which a jury charge was requested, a lesser *included* offense of felonious assault. "Felonious assault" is defined in R.C. 2903.11 as follows:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

"(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, felonious assault is an aggravated felony of the first degree."

"Aggravated assault" is defined in R.C. 2903.12 as follows:

"(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

"(B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, aggravated assault is a felony of the third degree."

Applying the three-prong lesser included offense test as modified above, although aggravated assault carries a lesser penalty than felonious assault (either a third or fourth degree felony), felonious assault, as statutorily defined, *can* be committed without an aggravated assault also being committed, since the provocation element is lacking in felonious assault. In addition, the third prong of the lesser included offense test is not satisfied because *all* the elements required to prove the greater offense (felonious assault) are required to prove the commission of the lesser offense.

However, as statutorily defined, the offense of aggravated assault is an inferior degree of the indicted offense — felonious assault — since its

elements are identical to those of felonious assault, except for the additional mitigating element of serious provocation. In fact, these two offenses contain four possible degrees of decreasing severity. If a peace officer is the victim of felonious assault, the crime is an aggravated felony of the first degree. If the victim is not a peace officer, the crime is an aggravated felony of the second degree. If the elements comprising felonious assault result from serious provocation, and the victim is a peace officer, the crime is a felony of the third degree (and is called aggravated assault). If the elements comprising felonious assault result from serious provocation, and the victim is not a peace officer, the crime is a felony of the fourth degree (and again is called aggravated assault). Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation (such that a jury could both reasonably acquit defendant of felonious assault and convict defendant of aggravated assault), an instruction on aggravated assault (as a different degree of felonious assault) *must* be given.

Here, since appellee Deem did not present sufficient evidence of provocation, the instruction on aggravated assault was properly refused. "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *State* v. *Mabry* (1982), 5 Ohio App. 3d 13, 5 OBR 14, 449 N.E. 2d 16,

paragraph five of the syllabus. The only evidence presented at trial of provocation of appellee Deem by the victim was the historically stormy relationship between the two and the alleged "bumping" of Deem's car by the victim with her car. Neither of these remote and minor incidents was reasonably sufficient, as a matter of law, to incite or arouse appellee into repeatedly stabbing the victim, particularly given the time for reflection between the "bumping" and the stabbing, and given the circumstances of appellee's lying in wait for the victim to pass by in her car. Thus, even though aggravated assault is an offense of inferior degree to the indicted crime, an instruction thereon was not supported by the evidence presented in this case, and was properly refused.

Therefore, we reverse the judgment of the court of appeals and reinstate appellee's conviction of felonious assault with a specification of a prior kidnapping conviction.

*Judgment reversed.*

MOYER, C.J., LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., concurs in the syllabus but dissents from the judgment.

SWEENEY, J., concurring in syllabus but dissenting from judgment. I concur in the majority's syllabus law and much of the discussion related thereto in this cause since it clarifies the instances when a charge on a lesser included or inferior degree offense must be given. However, I dissent from the majority's judgment that such instruction was not warranted here on the grounds that appellee did not present sufficient evidence of provocation.

In my view, since the evidence appeared to be conflicting, an instruction on the lesser included or inferior degree offense of aggravated assault should have been given. As this court stated in *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 388, 18 O.O. 3d 528, 532, 415 N.E. 2d 303, 308, with respect to lesser included offense instructions:

"The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant."

Accord *State* v. *Davis* (1983), 6 Ohio St. 3d 91, 6 OBR 131, 451 N.E. 2d 772.

I believe that such a guideline is appropriate and is applicable to the cause *sub judice*. Therefore, I would affirm the decision of the court of appeals below.

It should be pointed out that the defendant's expert witness was not permitted to testify before the jury because the trial court found that defendant's assertion of a "complete defense" precluded the expert testimony since it was designed to provide the basis upon which the jury could find the mitigating element of provocation. Hence, the majority's conclusion that the instruction on aggravated assault was properly refused since Deem did not present sufficient evidence of provocation is patently erroneous. Deem was ready, willing and able to present evidence of provocation by way of expert testimony. However, the trial court erroneously prevented the expert evidence of provocation from being submitted to the jury. To deny Deem the benefit of a new trial because he did not present sufficient evidence of provocation to the jury merely compounds the error committed by the trial court, and paints a misleading picture of the proceedings that took place below. One cannot proffer evidence to a jury that one is erroneously prevented from proffering in the first place.

Based on the foregoing, I would affirm the judgment of the court of appeals, and remand the cause for a new trial.