**State v. Vaughn**
*[Cite as 3 AOA 158]*

*Case No. 87 C.A. 50*
*Mahoning County, (7th)*
*Decided May 17, 1990*

*James A. Philomena, Prosecuting Attorney, Kathi L. McNabb, Asst. Prosecuting Attorney, Mahoning County Courthouse, 120 Market Street, Youngstown, Ohio 44503, for Plaintiff-Appellee.*

*Timothy P. Maloney, 407 Legal Arts Centre, Youngstown, Ohio 44503, for Defendant-Appellant.*

O'NEILL, P.J.

The appellant came on for trial before a jury charged by way of indictment with aggravated burglary (R.C. 2911.11(A)(3). During instructions, without any request therefor, the trial judge instructed the jury on the principle of a lesser included offense of receiving stolen property (R.C. 2913.51).

The jury returned a verdict finding the defendant not guilty of the offense of aggravated burglary and finding the appellant guilty of the offense of receiving stolen property. The defendant-appellant was sentenced and a timely notice of appeal was filed therefrom.

The first assignment of error complains that the trial court erred by instructing the jury to consider a charge of receiving stolen property as a lesser offense to aggravated burglary.

It is a general principle that, if a party does not object to an error in instructions by the trial court, it will be held by a court of appeals that such error was waived. However, Rule 52 of the Rules of Criminal Procedure provides, in pertinent part, that:

"(B) Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

R.C. 2945.74 makes provisions for lesser included offenses and reads, in pertinent part, as follows:

"* * * When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *State* v. *Deem* (1988), 40 Ohio St. 3d 205, Syl. 3.

Pursuant to R.C. 2911.11(A)(3), the crime of aggravated burglary is set forth as:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"* * *

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

The crime of receiving stolen property is set forth in R.C. 2913.51, which reads as follows:

"(A) No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

Very obviously, the crime of aggravated burglary could be committed without the offense of receiving stolen property being committed.

Receiving stolen property is not a lesser included offense of the offense of aggravated

burglary and, thus, it was error for the trial judge to instruct the jury that the members of the jury could consider receiving stolen property. The erroneous instruction, by the trial judge, certainly affected the substantial right of the accused and, pursuant to the plain error rule, notice shall be taken thereof by this court.

The judgment of the trial court is reversed and vacated and this cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

DONOFRIO, J., and COX, J., concur.