The STATE of Ohio, Appellee,

v.

ARMSTRONG, Appellant.

[Cite as *State v. Armstrong* (1991), 74 Ohio App.3d 732.]

Court of Appeals of Ohio,
Montgomery County.

No. 12213.

Decided July 9, 1991.

*Lee C. Falke,* Prosecuting Attorney, and *Lorine M. Reid,* Assistant Prosecuting Attorney, for appellee.

*J. Allen Wilmes,* for appellant.

WOLFF, Judge.

Gerald R. Armstrong was indicted for child stealing, a violation of R.C. 2905.04(A). He was found guilty by a jury and sentenced to five to fifteen years' incarceration by the Montgomery County Court of Common Pleas, General Division. On appeal, he advances three assignments of error:

"1. The trial court erred in admitting evidence for which the probative value was greatly outweighed by the prejudice to defendant-appellant, per Ohio Rule of Evidence 403(A)."

The incident in question occurred in the late evening of July 11 and the early morning of July 12, 1989. The child involved was three-year-old Terry Hughes, the son of Yvonne Lynn Wilkins, with whom defendant had been residing for several months at 1102 Trieschman in Dayton, Ohio. The evidence established that after administering a beating to Wilkins, the defendant left 1102 Trieschman Avenue and went to 1133 Hughes Place where the child was staying with Wilkins' cousin, Michelle Dix. The defendant took the child from the Dix' residence and kept the child, to whom he was not related, until the afternoon of July 14, 1989, when he returned the child to Dix.

This assignment of error involves the court's permitting the state to introduce testimony from Wilkins that she was assaulted by the defendant on February 25, 1989, after which the defendant took the child and kept him for a period of two days, and that she was again beaten by defendant on May 10, 1989. Defendant contends that the evidence of these prior incidents, albeit perhaps relevant, should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice. See Evid.R. 403(A).

The state contends that evidence of these earlier incidents was probative of the defendant's intent in taking and keeping the child during the course of the incident giving rise to the charge in this case. See Evid.R. 404(B); R.C. 2945.59.

■ We note at the outset that it is not essential to the admissibility of evidence of these prior incidents that they were either reported to the police by Wilkins or that they resulted in convictions. Both the Evidence Rule and the statute speak of "acts."

The defendant's position at trial was that he took the child from Dix and maintained the child for two days "to take care of him" because he couldn't locate Wilkins, and Dix would not take the child back, despite his repeated requests that she do so, until the evening of July 14, 1989. The state's theory was that taking the child was the defendant's way of retaliating after the altercation with the child's mother, Wilkins.

An essential element of child stealing is that the offender act "with purpose to withhold a minor from the legal custody of his parent * * *." See R.C. 2905.04(A). Thus, a genuine issue was present in this case as to the defendant's intent in taking and maintaining possession of the child. We thus find no error in the trial court's admitting testimony of the February 25, 1989 incident in that it involved a scenario very similar to the one for which defendant had been charged: the defendant assaulted the child's mother, after which he took the child from the mother.

We cannot so readily approve the trial court's permitting evidence of the incident of May 10, 1989. In that case, there was evidence of a beating but no testimony by Wilkins that thereafter the defendant took her child. Thus, the court should have excluded evidence of the May 10, 1989 incident upon objection by counsel for defendant. Nevertheless, we find the error in permitting Wilkins' testimony as to the May 10, 1989 incident harmless in that the defendant himself admitted during the defense stage of the case that he did indeed assault the child's mother on May 10, 1989, after which he took the child and kept him one or two days.

For the foregoing reasons, we overrule the first assignment of error.

"2. The trial court committed reversible error by refusing to give special instructions requested by defendant-appellant as mandated by O.R.C. § 2945.-74."

Armstrong contends that he was entitled to an instruction on "interference with custody," a violation of R.C. 2919.23(A). He claims that interference with custody is a lesser included offense of child stealing, the violation of R.C. 2905.04(A) for which he was indicted. The analytical framework for determining whether interference with custody is a lesser included offense of child stealing is provided at *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus:

"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

R.C. 2905.04, which proscribes child stealing, and R.C. 2919.23, which proscribes interference with custody, provide in relevant part as follows:

R.C. 2905.04:

"(A) No person, by any means and with purpose to withhold a minor from the legal custody of his parent, guardian, or custodian, shall remove the minor from the place where he is found."

R.C. 2919.23:

"(A) No person, knowing he is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor any of the following persons from his parent, guardian, or custodian:

"(1) A child under the age of eighteen, or a mentally or physically handicapped child under the age of twenty-one[.]"

We agree with the state that interference with custody does not meet the second step of the three-step analysis set out at *Deem*. The state of Ohio could prove child stealing without necessarily proving interference with custody. For example, in proving child stealing, the state need not establish that the offender knew he was without privilege to take the child or that the offender was reckless in that regard.

The second assignment of error is overruled.

"3. The trial court erred in entering a verdict of guilty regarding the child stealing charges and in overruling defendant-appellant's motion for judgment *non obstante veredicto* because a finding of guilty is against the manifest weight of the evidence and contrary to law."

The state of Ohio was required to prove, *inter alia*, removal of the child from the place where he was found, coupled with a purpose to withhold the child from his mother.

The only element of child stealing that was genuinely controverted was defendant's intent when he took the child from the home of Michelle Dix.

The evidence in this case was in conflict. Indeed, the state's evidence was fraught with inconsistency. The evidence, nevertheless, reasonably supported a determination that defendant's purpose in taking the child was to deprive Wilkens of custody.

The evidence reasonably supports a determination that Wilkins did not authorize the defendant to take the child from Michelle Dix, in whose care Wilkins had placed the child, and that defendant lied to Michelle Dix to obtain possession of him. The child was taken immediately after defendant had had a violent altercation with the child's mother, and even though, according to Dix, she, *i.e.*, Dix, had put the child to bed for the night. Thereafter, neither defendant nor the child was seen for several hours although several people attempted to find them. Although defendant appears to have had some contact with Michelle Dix prior to restoring the child to Dix on the afternoon of July 14, the evidence supports a determination that defendant maintained possession of the child until then. Defendant's contention that he took the child to take care of him is undercut by the fact that he also did not take

Wilkins' seven-year-old daughter, who was also in Dix' care, and toward whom Wilkins, according to defendant, was equally irresponsible.

The third assignment is overruled.

The judgment will be affirmed.

WILSON and BROGAN, JJ., concur.