**The STATE of Ohio, Appellee,**

v.

**CANELLOS, Appellant.**

[Cite as *State v. Canellos* (1993), 91 Ohio App.3d 701.]

Court of Appeals of Ohio,
Butler County.

No. CA93–05–090.

Decided Nov. 22, 1993.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Barbara L. Schneider,* Assistant Prosecuting Attorney, for appellee.

*Robert A. Hendrickson,* for appellant.

JONES, Presiding Judge.

Defendant-appellant, Deno Canellos, appeals his conviction on one count of the unauthorized use of property in violation of Oxford City Ordinance 545.08.

On February 18, 1993, appellant was arrested by Oxford City Police and charged with one count of petty theft in violation of Oxford City Ordinance 545.05(A)(2). At his arraignment, appellant entered a not guilty plea and requested a bench trial. In April 1993, the case was tried in Butler County Court. The trial court found appellant guilty of the unauthorized use of property as a lesser included offense to the principal charge of petty theft.

From the trial court's entry of a judgment of conviction, appellant has now perfected this appeal setting forth the following sole assignment of error:

"The trial court erred in finding that the defendant/appellant was guilty of unauthorized use of property, a lesser included offense of petty theft."

In his sole assignment of error, appellant alleges that the trial court erred in convicting him of the unauthorized use of property as a lesser included offense to a principal charge of petty theft. Oxford City Ordinances 545.05 and 545.08 define "petty theft" and the "unauthorized use of property" as follows:

"545.05 PETTY THEFT.

"(a) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception;

"(4) By threat."

"545.08 UNAUTHORIZED USE OF PROPERTY.

"(a) No person shall knowingly use or operate the property of another without the consent of the owner or person authorized to give consent."

In *State v. Deem* (1988), 40 Ohio St.3d 205, 209, 533 N.E.2d 294, 298, the Ohio Supreme Court held that an offense may properly be classified as a lesser included offense of another related crime if:

"(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." See, also, *State v. Smith* (1990), 49 Ohio St.3d 137, 145, 551 N.E.2d 190, 198.

As the basis of his claim that the trial court erred in convicting him of the unauthorized use of property as a lesser included offense to the principal charge of petty theft, appellant argues that the unauthorized use of property, as defined by Oxford City Ordinance 545.08, requires some use or operation of the property

at issue beyond the mere possession or control necessary to support a petty theft conviction. We agree.

In our view, it is clear that the offense of unauthorized use of property requires proof that the defendant used or otherwise operated the property at issue in some unauthorized manner and that the mere possession or control necessary to sustain a petty theft conviction is insufficient to satisfy this requirement. See *State v. Cooke* (Sept. 11, 1992), Lake App. No. 91–CR–000004, unreported, 1992 WL 233254; *State v. Mumford* (Feb. 4, 1983), Shelby App. No. 17–81–28, unreported, 1983 WL 7191; *State v. Chilcoat* (Sept. 15, 1982), Auglaize App. No. 2–81–41, unreported, 1982 WL 6867.

Accordingly, we conclude that the offense of unauthorized use of property requires proof of an element different from that necessary to support a petty theft conviction, and that this disparity precludes the unauthorized use of property from qualifying as a lesser included offense to a principal charge of petty theft under the second prong of the test set forth by the Ohio Supreme Court in *Deem, supra.* Appellant's sole assignment of error is, therefore, well taken and is hereby sustained. The trial court's judgment of conviction is hereby reversed and appellant is discharged.

*Judgment accordingly.*

WILLIAM W. YOUNG and WALSH, JJ., concur.