I respectfully dissent to the majority opinion herein in regards to the second assignment of error and concur with the balance of the majority's opinion.
I believe that the trial court was correct in refusing to instruct the jury on the lesser included offenses requested by appellant. To determine whether aggravated trespass and criminal trespass are lesser included offenses of attempted aggravated burglary, it must first be determined under State v. Deem (1988),40 Ohio St.3d 205, 209, whether aggravated trespass and criminal trespass both carry lesser penalties than attempted aggravated burglary. As to the first element they do so we must move on to the second element of Deem.
As to the second element, in order for an attempted aggravated burglary to occur, the offender must engage in conduct, which, if successful, would result in an aggravated burglary. In other words, the offender must: 1) attempt to trespass in an occupied structure by force, stealth or deception where another person is present with purpose to commit any criminal offense; and 2) must either inflict, attempt or threaten harm on another or must have a deadly weapon. For an aggravated trespass to occur, the offender must trespass and must have the purpose to commit a misdemeanor that involves causing physical harm to another or causing another to believe that the offender will cause physical harm to him. For criminal trespass to occur, the offender must enter or remain on the premises of another without purpose.
It is possible for offender to commit attempted aggravated burglary without committing aggravated trespass or criminal trespass. The offender who commits attempted aggravated burglary is not required to actually trespass, but must only attempt to enter the premises of another. Both aggravated trespass and criminal trespass require the offender to actually enter or remain on the premises. Since it is possible for attempted aggravated burglary to be committed without aggravated trespass or criminal trespass also being committed, aggravated trespass and criminal trespass are not lesser included offenses of attempted aggravated burglary. Since aggravated trespass and criminal trespass do not meet the second prong of the Deem test, it follows that the trial court was correct in refusing to instruct the jury on the lesser included offenses requested by appellant.
Accordingly, I would overrule appellant's second assignment of error and thus affirm the complete decision of the trial court.
 ____________________________ Gene Donofrio Judge