I am in full agreement with Judge Wolff's analysis, which focuses on the technical requirements of the three-prong lesser included offense test set out in State v. Deem (1988), 40 Ohio St.3d 205. Commenting on that test, the Deem court stated:
 Our adoption of a test which looks to both the statutory elements of the offenses involved and the evidence supporting such lesser offenses as presented at trial is grounded primarily in the need for clarity in meeting the constitutional requirement that an accused have notice of the offenses charged against him. Sixth Amendment to the United States Constitution; Section 10, Article I of the Ohio Constitution.
Id., at p. 210.
Here, though the evidence which the State introduced at trial supports Defendant-Appellant's conviction for disorderly conduct, the charge of domestic violence that the State had brought against him in no way put Schaefer on notice that he thereby was put in jeopardy of being found criminally liable for the offense of disorderly conduct. That would not have been the case if the statutory elements of disorderly conduct set out in R.C.2917.11(A)(1) likewise appeared in R.C. 2919.25(A), which defines the offense of domestic violence. That incorporation satisfies the "statutory definition" requirement of the second prong of theDeem test, and it creates a form of constructive notice sufficient to satisfy the constitutional requirements of notice that Deem identifies. It cannot apply to these two offenses, whose statutory definitions are patently dissimilar.