OPINION
Defendant Phillip Meighen appeals a judgment of the Court of Common Pleas of Guernsey County, Ohio, convicting and sentencing him for one count of misdemeanor inducing panic after a jury found him not guilty of the felony charge, but guilty of the misdemeanor. Appellant assigns seven errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN FINDING CASE NO. 99CR139 THAT THE GRAND JURORS INTENDED TO CHARGE DEFENDANT WITH HAVING COMMITTED A FELONY IN THE COURT DECREE.
 II. THE TRIAL COURT ERRED IN FAILING TO DISMISS CASE NO. 99CR139 WITH PREJUDICE PURSUANT TO R.C. 2945.73(D).
 III. THE TRIAL COURT ERRED WHEN IT OVERRULED THE MOTION TO DISMISS THE INDICTMENT IN CASE NO. 00CR10.
 IV. THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR A TRANSCRIPT OF DETECTIVE JOHN DAVIS'S TESTIMONY TO THE GRAND JURY IN CASE NO. 00CR10.
 V. THE TRIAL COURT COMMITTED PLAIN ERROR IN CASE NO. 00CR10 BY SUA SPONTE INSTRUCTING THE JURY THAT R.C. 2917.31 (A)(2) WAS A LESSER INCLUDED OFFENSE OF R.C. 2917.31 (A)(1).
 VI. DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS WAS VIOLATED BY THE INSTRUCTING THE JURY THAT R.C. 2917.31
(A)(2) WAS A LESSER INCLUDED OFFENSE OF R.C. 2917.31
(A)(1) WHEN THE COURT HAD PREVIOUSLY DISMISSED THE SAME CHARGE IN CASE No. 99CR139.
 VII. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates at the time of the offense, appellant was a student at a satellite campus of Muskingum Area Technical College in Cambridge, Guernsey, Ohio. The State offered testimony appellant had threatened to bring a gun to the school and shoot his classmates. After some of the students made the campus administrator aware of the alleged threats, a pre-school class housed in the school building was canceled although college classes were not dismissed.
Procedurally, this case was convoluted. Appellant was arrested on November 22, 1999, and on November 23, 1999, a complaint was filed in Cambridge Municipal Court charging him with inducing panic, a felony of the fourth degree. On December 16, 1999, the Guernsey County Grand Jury indicted appellant on one count of inducing panic, a felony of the fourth degree. Both the earlier complaint, and the indictment stated the offense was a fourth degree felony, but each quoted the statutory language for the misdemeanor.
Appellant's counsel brought the matter to the court's attention on December 28, 1999, with a motion to dismiss on speedy trial grounds. In response, the State filed a motion to amend the indictment to allege a felony violation. Thereafter, a second indictment was filed against appellant alleging the felony.
On January 25, 2000, the trial court dismissed the misdemeanor charges and the matter went forward on the felony charges.
The trial court conducted a two-day jury trial beginning April 18, 2000. When the court instructed the jury on the elements of felony inducing panic, it also sua sponte instructed the jury on the misdemeanor offense, finding it was a lesser included offense of the felony. The jury acquitted appellant of the felony charge and found him guilty of the misdemeanor, and this appeal ensued.
 V.
As the State alleges, the crux of this appeal concerns whether the misdemeanor inducing panic offense is a lesser included offense of felony inducing panic. We find that the misdemeanor offense is not a lesser included offense of the felony.
R.C. 2917.31 states in pertinent part:
 (A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:
 (1) Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;
(2) threatening to commit any offense of violence.
An offense may be a lesser included offense if the greater offense cannot ever be committed without the lesser offense being committed,State v. Deem (1988), 40 Ohio St.3d 205.
Examining the statute cited supra, the elements of the felony for which appellant was indicted required the State to prove appellant initiated or circulated a report or warning of a crime knowing the report or warning was false. The misdemeanor offense requires the State to prove the accused threatened to commit an offense of violence.
We find it is possible to commit the felony inducing panic without committing the misdemeanor. An accused could initiate or circulate a report that another party intended to commit an offense of violence, for example, without personally threatening to himself commit an offense of violence. Because we find the misdemeanor inducing panic is not a lesser included offense of the felony inducing panic offense, we find the trial court improperly instructed the jury.
The jury acquitted appellant of the felony offense of violating R.C.2917.31 (A)(1). Accordingly, the trial court should have entered an acquittal, not a conviction on R.C. 2917.31 (A)(2).
The fifth assignment of error is sustained.
Because of our holding supra, the remaining assignments of error are moot.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is reversed, and final judgment of acquittal is hereby entered. Costs to appellee.
Gwin, P.J., Hoffman, J., and Boggins, J., concur