I concur in the majority's analysis and disposition of appellant's first assignment of error.
As to appellant's second assignment of error, I agree with the majority's conclusion aggravated assault is not a lesser included offense of felonious assault. Although not properly framed by appellant, the real issue is whether trial counsel should have requested consideration of aggravated assault as an inferior degree of the indicted offense pursuant to State v. Deem.[1][2] Because there was insufficient evidence to support a finding of serious provocation and because appellant's proffered defense of accident is inconsistent with a finding of aggravated assault, I concur in the majority's conclusion appellant's trial counsel was not ineffective in not requesting the trial court consider aggravated assault.[3]
I concur in the majority's analysis and disposition of the remainder of appellant's second assignment of error as well as its analysis and disposition of appellant's third assignment of error.
[1] State v. Deem (1988), 40 Ohio St.3d 205, syllabus para. 1 
2.
[2] I believe this Court's analysis of Deem in State v. Elder(Sept. 24, 2001), Stark App. No. 2001CA0022, is incorrect because it fails to recognize this distinction.
[3] I am not yet persuaded ". . . the Magistrate and Judge are free to review such offenses without a request." See Majority Opinion at 11.