OPINION
Appellant Bryan Phillips, a minor, appeals the decision of the Muskingum County Court of Common Pleas, Juvenile Division, finding him to be a delinquent child. The relevant facts leading to this appeal are as follows.
In the fall of 2000, appellant and Nikki Mauller were both students at Zanesville High School. On approximately November 1, 2000, a verbal exchange occurred between appellant and Nikki at the high school, which resulted in the filing of a juvenile complaint against appellant for delinquency by aggravated menacing, a first-degree misdemeanor. The complaint alleged in pertinent part as follows:
 BRYAN PHILLIPS, age 14 years * * * who appears to be a delinquent child in that on or about November 1, 2000 said juvenile did knowingly cause Nikki Mauller (DOB: 10/20/1983) to believe that said BRYAN PHILLIPS would cause serious physical harm to the person or property or (sic) Nikki Mauller, in violation of O.R.C. Section 2903.21, to-wit: AGGRAVATED MENACING, M/1.
* * *
Juvenile Complaint, December 6, 2000.
On August 8, 2001, after taking the matter under advisement, the court found appellant delinquent by reason of attempted aggravated menacing, a second-degree misdemeanor, rather than by aggravated menacing as stated in the complaint. The court ordered him to complete twenty hours of community service, complete an anger management program, and to maintain no contact with Nikki or the witnesses to the matter.
Appellant timely appealed, and herein raises the following two Assignments of Error:
 I. THE JUVENILE COURT VIOLATED BRYAN PHILLIP'S (SIC) RIGHT TO DUE PROCESS AND FAIR NOTICE UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND OH.R.JUV.P. 29(E)(4) WHEN IT ADJUDICATED HIM DELINQUENT OF (SIC) ATTEMPTED AGGRAVATED MENACING, AN ENTIRELY DIFFERENT OFFENSE THAT WAS NEVER CHARGED OR TRIED.
 II. THE JUVENILE COURT'S DECISION FINDING BRYAN PHILLIPS GUILTY OF ATTEMPTED AGGRAVATED MENACING CONSTITUTES A CONSTRUCTIVE AMENDMENT OF THE CHARGED OFFENSE OF AGGRAVATED MENACING. SUCH AN AMENDMENT CHANGED THE IDENTITY OF THE OFFENSE IN VIOLATION OF OH.R.CRIM.P. 7(D).
 I, II
In his Assignments of Error, appellant argues that the trial court violated his due process rights and engaged in an improper constructive amendment of the offense named in the complaint by adjudicating appellant delinquent by "attempted" aggravated menacing when the complaint alleged a violation of aggravated menacing. We disagree.
Appellant in part cites Crim.R. 7(D) in support of his position. Crim.R. 1(A) reads that the criminal rules "prescribe the procedure to be followed in all courts of this state in the exercise of criminal jurisdiction. . . ." However, Crim.R. 1(C) states that the criminal rules, "to the extent that specific procedure is provided by other rules of the Supreme Court, . . . shall not apply to procedure . . . (5) in juvenile proceedings against a child as defined in Rule 2(D) of the Rules of Juvenile Procedure." See, e.g., In re Gibson (June 15, 2001), Montgomery App. No. 18669, unreported. Thus, we must turn to Juv.R. 22(B), which states in pertinent part:
 Any pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act of delinquency may not be amended unless agreed by the parties, if the proposed amendment would change the name or identity of the specific violation of law so that it would be considered a change of the crime charged if committed by an adult. * * *.
It is undisputed herein that an amendment to the complaint was neither agreed to by the parties nor sought by the state. However, under the above rule, an agreement by the parties is only required if the alleged juvenile complaint is amended such that there is "a change of the crime." Thus, we must analyze whether the trial court's sua sponte amendment from aggravated menacing to an attempt to commit aggravated menacing is a change significant enough to invoke the Juv.R. 22(B) prerequisites. Attempt is defined in R.C. 2923.02 as: "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." Attempt involves more than the mere intent to commit a crime, and is more than preparation for the crime. State v. Hardwick (Feb. 7, 2002), Cuyahoga App. No. 79701, unreported, citing State v. Woods (1976), 48 Ohio St.2d 127. Attempt occurs if the defendant takes a substantial step in a course of conduct planned to culminate in commission of the crime. Id.
In this vein, the state concedes that an attempt to commit the aforesaid crime is neither a lesser included offense nor an offense of inferior degree. Appellee's Brief at 4. However, the state maintains that attempted aggravated menacing nonetheless is a "lesser offense" of aggravated menacing pursuant to the Ohio Supreme Court's guidance inState v. Deem (1988), 40 Ohio St.3d 205, paragraph one of the syllabus:
 Pursuant to R.C. 2945.74 and Crim.R. 31(C), a jury may consider three groups of lesser offenses on which, when supported by the evidence at trial, it must be charged and on which it may reach a verdict: (1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses.
In State v. Russell (Oct. 20, 2000), Montgomery App. Nos. 18155, 18194, unreported, the Second District Court of Appeals opined:
 [The] language [of R.C. 2923.02(A)] does not add an element to the offense formally charged; instead, it merely deletes the implied requirement that the act forming the charged offense be successful, finished, or completed. Thus, "attempts" are commonly referred to as inchoate crimes. See Black's Law Dictionary (6th Ed. 1990) 761 (defining, "inchoate" as imperfect; partial; unfinished; begun, but not completed; and noting that included in the definition of "inchoate crimes" in the Model Penal Code are attempts, solicitation, and conspiracy). Therefore, just as it is not necessary for a criminal defendant to be formally charged with each lesser included offense of which he may be found guilty, since properly charging the greater offense charges the lesser included offenses by implication [citation omitted], it is not necessary that he be formally charged with attempt, since charging the principal offense charges an attempt by implication.
Id. at 5.
Appellant properly contends that the state must prove all the elements of its case against a juvenile beyond a reasonable doubt. In re Winship
(1970), 397 U.S. 358. However, we are unpersuaded that appellant's delinquency finding, based on the lesser offense of attempted aggravated menacing, constituted a violation of either appellant's due process rights or the rules of juvenile procedure, as the trial court's effective amendment of the complaint to an "attempt", per R.C. 2923.02(A), did not essentially change the identity of the alleged violation as envisioned in Juv.R. 22(B).
Appellant's First and Second Assignments of Error are therefore overruled.
For the reasons stated in the foregoing opinion, the decision of the Muskingum County Court of Common Pleas, Juvenile Division, is hereby affirmed.
By: WISE, J. GWIN, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is affirmed. Costs to appellant.