OPINION
{¶ 1} On July 15, 2004, the Stark County Grand Jury indicted appellant, William Wackerly, on one count of burglary in violation of R.C. 2911.12(A)(4). Said charge arose from an incident wherein appellant broke into the duplex he rented to Kristia Farkas and Rusty Hines.
 {¶ 2} A jury trial commenced on January 13, 2005. The jury found appellant guilty as charged. By judgment entry filed January 21, 2005, the trial court sentenced appellant to eighteen months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WILLIAM WACKERLY BY IMPOSING THE MAXIMUM SENTENCE OF EIGHTEEN MONTHS FOR THE CONVICTION OF A FOURTH DEGREE FELONY."
 II {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MR. WILLIAM WACKERLY WHEN IT SENTENCED HIM TO A HARSHER SENTENCE FOR GOING TO TRIAL."
 III {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MR. WILLIAM WACKERLY WHEN IT DENIED HIS COUNSEL'S MOTION TO ALLOW THE JURY TO CONSIDER THE OFFENSE OF AGGRAVATED TRESPASS."
 I, II {¶ 7} Appellant claims the trial court erred in sentencing him to the maximum term of imprisonment, and punished him for exercising his right to a jury trial. We disagree.
 {¶ 8} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) states the following:
 {¶ 9} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 10} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 11} "(b) That the sentence is otherwise contrary to law."
 {¶ 12} Appellant was convicted of burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree. Pursuant to R.C. 2929.14(A)(4) felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months" in prison. In considering whether to impose a sentence or community control sanctions for a fourth degree felony, trial courts are guided by R.C. 2929.13(B)(1) and (2)(a) which state the following in pertinent part:
 {¶ 13} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 14} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 15} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 16} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 17} The trial court was clearly aware of these requirements:
 {¶ 18} "The testimony in this case shows that the Defendant, while he may be the owner of the property, landlord, did, and the jury has found, by force, deception or stealth, enter the inhabited dwelling of another when the person was either there or could have been there. The evidence is clear that it was by force, and obviously the evidence is clear that someone was there. We also have the statements of the Defendant as he made them to the police officers.
 {¶ 19} "Coupled with his prior involvement with the law and the nature of that, as it has been recited by the Prosecutor, concealed weapons, machine gun violations, and the case in this court, which was child stealing, and the fact that he was given prison terms which were suspended conditioned upon his compliance with psychiatric treatment, and specifically that is Case number 91-1753, two counts of child stealing, six months on each count consecutive, suspended conditioned on psychiatric treatment of the Defendant with Dr. Lafont, the Court really doesn't think that it has any choice but to sentence him to prison. And then the question comes down to whether it should be the maximum term.
 {¶ 20} "* * *
 {¶ 21} "Given the nature of this offense, going into another person's residence, and they were the landlord, forcing their way into it, the evidence which the Court saw, which the jury saw, his prior record of showing that just complete disregard for the law, the Court does find that he poses the greatest likelihood of committing future crimes. And, accordingly, the Court does impose the maximum term of imprisonment which is 18 months." T. at 439-441.
 {¶ 22} Although appellant attempted to characterize his intentions as non-criminal, the physical evidence belies this position. The trial court properly characterized appellant's act as a forcible entry and this is established by the evidence. T. at 327; State's Exhibits 1, 2, 3. In addition, appellant had a cavalier attitude "that he owns the property and rents it out" therefore, as the landlord he had the right to be there. T. at 332. The investigating officer testified the tenants were frightened and terrorized by appellant's actions. T. at 325.
 {¶ 23} Appellant's extensive and continuous criminal record including assault and weapons charges as well as previous incarceration lead to the logical conclusion that he would re-offend. We find the recidivism factor alone is sufficient to mitigate against a minimum sentence.
 {¶ 24} Appellant also argues the trial court punished him for going to trial because it did not give him probation as had been offered during trial. Defense counsel acknowledged conditional probation pursuant to plea negotiations was offered after the commencement of the trial. T. at 225-226. However, the trial court did not specifically assent to the plea negotiations. Appellant assumes the trial court's silence on the matter is tantamount to an assent. Although this circumstance is troublesome, it is not conclusive that the trial court punished appellant for going to trial.
 {¶ 25} Assignments of Error I and II are denied.
 III {¶ 26} Appellant claims the trial court erred in not instructing the jury on the lesser included offense of aggravated trespass. We disagree.
 {¶ 27} In State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus, the Supreme Court of Ohio set forth the following three-part test to determine whether an offense is a lesser included offense of another offense:
 {¶ 28} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (State v. Kidder [1987],32 Ohio St.3d 279, 513 N.E.2d 311, modified.)"
 {¶ 29} Appellant was charged with burglary in violation of R.C. 2911.12(A)(4) which states, "No person, by force, stealth, or deception, shall * * * Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 30} Aggravated trespass is defined in R.C. 2911.211 as follows:
 {¶ 31} "No person shall enter or remain on the land or premises of another with purpose to commit on that land or those premises a misdemeanor, the elements of which involve causing physical harm to another person or causing another person to believe that the offender will cause physical harm to him."
 {¶ 32} We concur with our brethren from the Second District that the crime of burglary can be committed without committing aggravated trespass if the offender trespasses without the intent of committing a misdemeanor which was the defense raised by appellant. See, State v. White (February 9, 2001), Montgomery App. No. 18204.
 {¶ 33} Assignment of Error III is denied.
 {¶ 34} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.