{¶ 38} While I concur with the majority's analysis and disposition of appellant's first assignment of error, I respectfully disagree with the majority's analysis and disposition of appellant's second assignment of error.
 {¶ 39} Appellant, in his second assignment of error, argues, in part, that aggravated menacing is not an inferior offense of felonious assault. In State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, which is cited by the majority, the Ohio Supreme Court stated in paragraph two of the syllabus as follows: "An offense is an `inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements. (R.C. 2945.74 and Crim.R. 31[C], construed.)."
 {¶ 40} In Deem, the Ohio Supreme Court considered whether aggravated assault was an inferior degree of the indicted offense of felonious assault. Before reaching such issue, the court, inDeem, used the offense of kidnapping in violation of R.C.2905.01 to illustrate the concept of an offense of an inferior degree.
 {¶ 41} R.C. 2905.01(A) defines the offense of kidnapping. R.C. 2905.01(C) states as follows: "Whoever violates this section is guilty of kidnapping, a felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree."
 {¶ 42} In holding that there was an inferior degree of kidnapping, the Ohio Supreme Court, in Deem, stated as follows: "Thus, when in a kidnapping trial the defendant presents sufficient evidence that he released the victim unharmed in a safe place, the jury should be instructed (upon a timely request) that it may so find and render a verdict of guilty to the inferior degree of kidnapping — an aggravated felony of the second degree. This is not a lesser included offense, but is still chargeable pursuant to R.C. 2945.74 and Crim.R. 31(C)." Id at 209.
 {¶ 43} The Court, in Deem, after providing the above illustration, then specifically considered whether aggravated assault was an inferior degree of the offense of felonious assault. In holding that the offense of aggravated assault was an inferior degree, the Ohio Supreme Court, in Deem, stated, in relevant part, as follows:
 {¶ 44} "`Felonious assault' is defined in R.C. 2903.11 as follows:
 {¶ 45} `(A) No person shall knowingly:
 {¶ 46} `(1) Cause serious physical harm to another;
 {¶ 47} `(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance, as defined in section 2923.11 of the Revised Code.
 {¶ 48} `(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, felonious assault is an aggravated felony of the first degree.
 {¶ 49} `Aggravated assault' is defined in R.C. 2903.12 as follows:
 {¶ 50} `(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 51} `(1) Cause serious physical harm to another;
 {¶ 52} `(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
 {¶ 53} `(B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree. If the victim of the offense is a peace officer, as defined in section 2935.01
of the Revised Code, aggravated assault is a felony of the third degree. . . .'
 {¶ 54} "[A]s statutorily defined, the offense of aggravated assault is an inferior degree of the indicted offense — felonious assault — since its elements are identical to those of felonious assault, except for the additional mitigating element of serious provocation. In fact, these two offenses contain four possible degrees of decreasing severity. If a peace officer is the victim of felonious assault, the crime is an aggravated felony of the first degree. If the victim is not a peace officer, the crime is an aggravated felony of the second degree. If the elements comprising felonious assault result from serious provocation, and the victim is a peace officer, the crime is a felony of the third degree (and is called aggravated assault). If the elements comprising felonious assault result from serious provocation, and the victim is not a peace officer, the crime is a felony of the fourth degree (and again is called aggravated assault). Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation (such that a jury could both reasonably acquit defendant of felonious assault and convict defendant of aggravated assault), an instruction on aggravated assault (as a different degree of felonious assault) must be given." Id at 210-211.
 {¶ 55} In the case sub judice, the majority cites Deem and finds that the offense of aggravated menacing is an inferior offense to felonious assault. R.C. 2903.11, the felonious assault statute, states, in relevant part, as follows: "(A) No person shall knowingly do either of the following:
 {¶ 56} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 57} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance. . . .
 {¶ 58} "(D) Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of a violation of division (A) of this section is a peace officer, felonious assault is a felony of the first degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, and if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."
 {¶ 59} In turn, R.C. 2903.21, the aggravated menacing statute, states as follows: "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family.
 {¶ 60} "(B) Whoever violates this section is guilty of aggravated menacing. Except as otherwise provided in this division, aggravated menacing is a misdemeanor of the first degree. If the victim of the offense is an officer or employee of a public children services agency or a private child placing agency and the offense relates to the officer's or employee's performance or anticipated performance of official responsibilities or duties, aggravated menacing is a felony of the fifth degree or, if the offender previously has been convicted of or pleaded guilty to an offense of violence, the victim of that prior offense was an officer or employee of a public children services agency or private child placing agency, and that prior offense related to the officer's or employee's performance or anticipated performance of official responsibilities or duties, a felony of the fourth degree."
 {¶ 61} However, I do not find that the elements of felonious assault and aggravated menacing, as set forth above, are as identical as the elements of felonious assault and aggravated assault as set forth in Deem or as the kidnapping offenses set forth in Deem. While both offenses contain the element of "knowingly", aggravated menacing prohibits causing another to believe that the offender will cause serious physical harm while the offense of felonious assault prohibits either actually causing or attempting to cause serious physical harm. In short, I find that the elements of felonious assault and aggravated menacing do not line up as do the elements of the offenses discussed in Deem, supra.
 {¶ 62} For the foregoing reasons, I would sustain appellant's second assignment of error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.