OPINION
{¶ 1} Defendant, Lee Knostman, appeals from his conviction and sentence for criminal trespass.
 {¶ 2} On November 29, 2005, Defendant was charged by complaint in Miami County Municipal Court with hunting on the land of another without permission in violation of R.C. 1533.17(A). The matter was tried to the court. The evidence presented demonstrated that while Defendant was present on land owned by Mr. and Mrs. Allen without their permission, he was not hunting on the Allen property but rather was merely walking across that property in order to get to the adjacent Cooley property where Defendant had written permission to hunt. In a written decision and entry issued on February 2, 2006, the trial court found Defendant not guilty of hunting on the land of the Allens without their permission, but guilty of the lesser included offense of criminal trespass in violation of R.C. 2911.21(A)(1). The trial court fined Defendant fifty dollars plus court costs.
 {¶ 3} Defendant timely appealed to this court from his conviction and sentence.
ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ERRED IN FINDING THAT CRIMINAL TRESPASS WAS A LESSER INCLUDED OFFENSE OF HUNTING WITHOUT PERMISSION."
 {¶ 5} Defendant argues that criminal trespass in violation of R.C.2911.21(A)(1) is not a lesser included offense of hunting without permission in violation of R.C. 1533.17(A). We agree.
 {¶ 6} In State v. Deem (1988), 40 Ohio St.3d 205, at paragraph three of the syllabus, the Ohio Supreme Court set out the three part test to be used in determining whether one offense constitutes a lesser included offense of another:
 {¶ 7} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." See also: State v. Carter,89 Ohio St.3d 593, 2000-Ohio-172.
 {¶ 8} Hunting without permission in violation of R.C. 1533.17(A) provides:
 {¶ 9} "No person shall hunt or trap upon any lands, pond, lake, or private waters of another, except water claimed by riparian right of ownership in adjacent lands, or shoot, shoot at, catch, kill, injure, or pursue a wild bird, wild waterfowl, or wild animal thereon without obtaining written permission from the owner or the owner's authorized agent."
 {¶ 10} Criminal trespass in violation of R.C. 2911.21(A)(1) provides:
 {¶ 11} "No person, without privilege to do so, shall do any of the following:
 {¶ 12} "Knowingly enter or remain on the land or premises of another."
 {¶ 13} The first and third elements of the Deem test are clearly satisfied in this case. Criminal trespass is a fourth degree misdemeanor and carries a lesser penalty than hunting without permission, which is a third degree misdemeanor. Furthermore, there is an element of hunting without permission, namely hunt, shoot, shoot at, catch, kill, injure or pursue a wild animal, that is not required to prove criminal trespass.
 {¶ 14} The critical question which implicates the second step of theDeem test is whether hunting without permission, as statutorily defined by R.C. 1533.17(A), can ever be committed without criminal trespass, as statutorily defined by R.C. 2911.12(A)(1), also being committed. We answer that question in the affirmative.
 {¶ 15} A violation of R.C. 1533.17(A), hunting without permission, occurs if the permission obtained is merely oral and not written, because as statutorily defined R.C. 1533.17(A) requires written permission to hunt on the land of another person. While a hunter who obtains only oral permission to hunt on the land of another violates R.C. 1533.17(A), the oral permission nevertheless constitutes a privilege to enter upon that land, and in that event there can be no criminal trespass in violation of R.C. 2911.21(A)(1). Therefore, the second step of the Deem test is not satisfied here because hunting without permission in violation of R.C. 1533.17(A) can be committed without also committing criminal trespass in violation of R.C.2911.21(A)(1).
 {¶ 16} Because criminal trespass as defined in R.C. 2911.21(A)(1) is not a lesser included offense of hunting without permission as defined in R.C. 1533.17(A), the trial court erred in finding Defendant guilty of criminal trespass because he was not charged with that offense.
 {¶ 17} Defendant's assignment of error is sustained. The conviction and sentence of Defendant-Appellant for criminal trespass will be reversed and vacated.
BROGAN, J. And FAIN, J., concur.