OPINION
{¶ 1} William Stewart is appealing the judgment of the Kettering Municipal Court, which found him guilty of disorderly conduct.
 {¶ 2} On December 20, 2001, at 7:45 p.m., Mr. Stewart had a phone conversation with his ex-wife, Cathy Gaines. In this conversation, Mr. Stewart yelled and screamed at Ms. Gaines and told her, "You're a fucking dead man." Pursuant to this encounter, Mr. Stewart was charged with a violation of R.C. 2919.25(C), domestic violence by threats.
 {¶ 3} Mr. Stewart was tried on February 6, 2002 in the Kettering Municipal Court. Although the court did not find Mr. Stewart guilty of domestic violence by threats, the court found Mr. Stewart guilty of a violation of R.C. 2917.11(A)(1), the minor misdemeanor of disorderly conduct. R.C. 2917.11(A)(1) defines disorderly conduct as recklessly causing inconvenience, annoyance or alarm to another by engaging in fighting, in threatening harm to persons or property or in violent or turbulent behavior. The court found that it was justified in sua sponte convicting Mr. Stewart of R.C. 2917.11 because it was a lesser included offense of domestic violence by threats. Mr. Stewart has filed this appeal from that decision.
 {¶ 4} Mr. Stewart raises the following as his sole assignment of error:
 {¶ 5} "The trial court erred when it amended the charges against the appellant under O.R.C. 2919.25(C) to include a substituted charge of O.R.C. 2917.11(A)(1), because the amendment changed the name or identity of the offense charged in contravention of Ohio Rule of Criminal Procedure 7(D)."
 {¶ 6} Mr. Stewart asserts that the trial court erred in convicting him of disorderly conduct as it was not a lesser included offense of domestic violence by threat and therefore, the municipal court erred in convicting him of disorderly conduct. We disagree.
 {¶ 7} In Ohio, a defendant may be convicted of a lesser included offense of a charged offense if the facts support such a result pursuant to R.C. 2945.74 and Crim. R. 31(C). However, if a fact finder considers an uncharged offense that is neither an offense of inferior degree of the charged offense nor a lesser included offense, the fact finder violates the defendant's constitutional rights. State v. Schaefer (April 28, 2000), Greene App. No. 99 CA 88.
 {¶ 8} The Ohio Supreme Court has established a three prong test to determine whether an offense is a lesser included offense of another, stating:
 {¶ 9} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem (1988), 40 Ohio St.3d 205,206.
 {¶ 10} This Court previously stated that disorderly conduct was not a lesser included offense of domestic violence by force. Schaefer,supra. However, the Schaefer decision did not address whether disorderly conduct, a violation of R.C. 2917.11(A)(1) was a lesser included offense of domestic violence by threat as defined in R.C. 2919.25(C).
 {¶ 11} R.C. 2919.25(C), domestic violence by threat, provides, "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
 {¶ 12} R.C. 2917.11(A)(1), disorderly conduct, provides, "No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following: (1) [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."
 {¶ 13} In the instant case, Mr. Stewart does not dispute that disorderly conduct under R.C. 2917.11(A)(1) meets the first and third prongs listed in the Deem case. Yet, Mr. Stewart asserts that the secondDeem prong is not satisfied, and therefore, the trial court erred in convicting him of disorderly conduct. Specifically, Mr. Stewart asserts that disorderly conduct could not be a lesser included offense of domestic violence by threat because disorderly conduct requires a mens rea of recklessness while domestic violence by threat requires a mens rea of knowingly. We agree with the trial court's statement that, "the threat of force necessary to cause a family or household member to believe that the offender will cause imminent physical harm to the family or household will always involve the causing of inconvenience, annoyance or alarm to another by means of fighting/threatening harm to persons, and the knowingly state of mind required for the greater offense of domestic violence will always encompass the reckless state of mind required for disorderly conduct." The differing mens rea elements of the crimes does not prevent disorderly conduct from being a lesser included offense of domestic violence by threat.
 {¶ 14} This case is distinguishable from Schaefer becauseSchaefer involved domestic violence by force. In domestic violence by force, an offender can attempt to cause harm without alarming the victim, thereby not committing disorderly conduct. However, domestic violence by threat involves the victim believing harm will come to him and disorderly conduct requires inconvenience or alarm stemming from a threat of harm. Thus, disorderly conduct under R.C. 2917.11(A)(1) is a lesser included offense of domestic violence by threat under R.C.2919.25(C). We find the trial court did not err in convicting Mr. Stewart of disorderly conduct. Mr. Stewart's assignment of error is without merit and is overruled.
 {¶ 15} The judgment of the trial court is affirmed.
FAIN, P.J. and BROGAN, J., concur.