[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Edward Hopgood, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of aggravated assault pursuant to R.C. 2903.12(A)(2), a felony of the fourth degree. For the following reasons, we affirm the trial court's judgment.
 {¶ 3} Hopgood was indicted for felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony. The case proceeded to a bench trial. At trial, the victim, Melissa Morgan, testified that she and Hopgood had three children together. After a hearing in juvenile court concerning Hopgood's child-support obligation, Morgan and Hopgood had begun to argue. Morgan stated that the argument became heated and that they had to be physically separated as they entered the elevator on their way out of the courthouse.
 {¶ 4} As Morgan and her companion, Michael Burton, walked from the courthouse toward Burton's automobile, they heard a car horn. Morgan then saw Hopgood driving a blue automobile toward Burton's car. Morgan testified that Hopgood's car sped toward where she was standing on the passenger side of Burton's car. She stated that she had to jump into the car and close the door to avoid being struck by Hopgood's car. Burton substantially corroborated Morgan's version of the events.
 {¶ 5} Christina Johnston, who had accompanied Hopgood to court, testified that Morgan was irate after the hearing and that Morgan and Hopgood had briefly argued. But Johnston stated that she and Hopgood had gone directly home after the argument and had had no further contact with Morgan. Hopgood also took the stand and stated that Morgan was angry over the child-support proceedings and had vowed to seek revenge for his attempts to have his support obligation reduced. He stated, though, that after he had left the courthouse, he had driven straight home without again encountering Morgan. At the close of all the evidence, the trial court found Hopgood guilty of aggravated assault.
 {¶ 6} In his first assignment of error, Hopgood now argues that the trial court erred in finding him guilty of what the court termed the "lesser-included offense" of aggravated assault after it had stated that the evidence was insufficient to convict him of felonious assault. Aggravated assault contains elements that are identical to those defining felonious assault, except for the additional mitigating element of serious provocation.[1] Therefore, even though it is not a lesser-included offense, aggravated assault is an "inferior degree" of felonious assault, and where the defendant presents sufficient evidence of serious provocation, the trier of fact must be permitted to consider aggravated assault.[2]
 {¶ 7} We find no reversible error in the court's pronouncements concerning the offenses. Although the court stated that the evidence was "insufficient" to convict Hopgood of the greater offense, it is clear from the context of the court's remarks that it in fact was holding that the additional circumstance of provocation was present. Similarly, even though the trial court erroneously termed aggravated assault a "lesser included offense" in its judgment entry, Hopgood suffered no prejudice from that error. Nonetheless, we hereby modify the trial court's entry to state that aggravated assault is an offense of inferior degree to felonious assault.
 {¶ 8} Hopgood next argues that the conviction for aggravated assault was based upon insufficient evidence and was against the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[4]
 {¶ 9} R.C. 2903.12(A)(2) provides that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance * * *."
 {¶ 10} In the case at bar, the state presented ample evidence that Hopgood, after a heated argument with Morgan during which the two had to be physically separated, attempted to strike her with his automobile.[5]
And while Hopgood cites discrepancies in the state's evidence and relies on his own evidence suggesting that he did not commit the offense, we cannot say that the trial court lost its way and created a manifest miscarriage of justice in finding him guilty. The first assignment of error is overruled.
 {¶ 11} In the second and final assignment of error, Hopgood argues that the trial court erred in excluding evidence of Morgan's bias and motivation to lie. We find no error. The trial court heard ample testimony concerning the animosity that the victim allegedly harbored toward Hopgood, and the excluded evidence was merely cumulative. In the context of the bench trial, we find no abuse of discretion in the court's rulings.[6] The second assignment of error is overruled, and the judgment of the trial court is affirmed as modified.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ..
[1] State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph four of the syllabus.
[2] Id., paragraphs two and four of the syllabus.
[3] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[4] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[5] Although Hopgood argues that there was insufficient evidence of provocation, we note that the trial court's finding of the mitigating element inured to Hopgood's benefit. We therefore decline to reverse that finding of the trial court.
[6] See State v. Brown (Apr. 14, 2000), 1st Dist. No. C-990348.