{¶ 60} I agree that the trial court exceeded its discretion when it overruled Defendant's motion for a mistrial and permitted Detective Elzholz to testify. (T.180-186). However, I would not do so on a finding that foreknowledge of the report the State had failed to produce would have benefitted Defendant by allowing him to attack the authenticity of the evidence of the telephone call that Detective Elzholz said he received.
 {¶ 61} Evid.R. 901(B)(5) requires independent evidence of identification when a witness testifies that, in the opinion of the witness, the call he received was from a particular person. However, Detective Elzholz offered no such opinion. Instead, he testified that the call was from a man who "said he was Zachary M. Thornton . . ." (T. 187).
 {¶ 62} The substance of Detective Elzholz's testimony made it self-authenticating; that is, on its face it was "sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901A. The issue then became the weight to be accorded to the evidence. Defendant's attorney effectively exploited a weakness in it by showing that the call could have been from another person, possibly from Gregory Jones, the driver of the other vehicle and the subject of Defendant's alleged attack. (T. 192).
 {¶ 63} Instead, I would find that the trial court exceeded its discretion in failing to declare a mistrial because that was the least severe sanction available to cure the State's discovery violation. Statev. Weimer, Darke App. No. 1586, 2002-Ohio-7099.
 {¶ 64} The prosecutor had agreed when the violation was discovered on the first day of trial to not call Detective Elzholz as a witness in the State's case-in-chief, reserving him instead as a rebuttal witness should the Defendant testify. Defendant failed to appear for the second day of trial. The State then called Detective Elzholz as a witness in its case-in-chief, breaking its agreement of the day before.
 {¶ 65} Defendant moved for a mistrial. The court overruled the motion on two findings: that the evidence the State intended to elicit from Detective Elzholz was admissible under the Rules of Evidence, and that having had the information the day before:
 {¶ 66} "You know that the statement was out there and you have (sic) a chance to cross examine him and if your client hadn't decided not to be here today, you could've questioned him about whether any discrepancies that he claims between what Detective Elzholz is going to testify to versus what — what he claims occurred.
 {¶ 67} "So for all those reasons, I'm going to allow this testimony." (T. 184).
 {¶ 68} Whether evidence is admissible under the Rules of Evidence is immaterial to a discovery violation and the sanctions that Evid.R. 16(E)(3) permits. Further, while Defendant's failure to appear avoided the prospect of his testifying, on which the State's promise was predicated, that fact does not likewise justify the State's repudiation of its promise. Defendant should not be rewarded for his apparent misconduct, but neither should his attorney be unduly surprised by the State's use of evidence in its case-in-chief it had agreed to forego, and would have had the Defendant sat silent. In view of both matters, I believe that a mistrial was the only proper course. Therefore, I would sustain the second assignment of error on a finding that the trial court exceeded its discretion when it failed to declare a mistrial and permitted Detective Elzholz to testify.
 {¶ 69} With respect to the fourth assignment of error, I do not agree that the trial court erred when it failed to give Defendant's lesser included offense instruction on Aggravated Assault, R.C. 2903.12(A)(1). That section prohibits knowingly causing serious physical harm to another or causing physical harm by means of a deadly weapon or dangerous ordnance, both of which are shown here, "while under the influence of a sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force."
 {¶ 70} Where a defendant charged with felonious assault presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. State v. Deem (1988), 40 Ohio St.3d 205.
 {¶ 71} "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." Id., paragraph five of the Syllabus by the Court.
 {¶ 72} An objective standard must be used to determine whether the level of provocation was reasonably sufficient to justify the use of deadly force. State v. Shane (1992), 63 Ohio St.3d 630. Generally, ". . . use of deadly weapon is not permitted in response to mere words, and . . . vile or abusive language or verbal threats, no matter how provocative, do not justify an assault or the use of a deadly weapon."State v. Napier (1995), 105 Ohio App.3d 713, 723.
 {¶ 73} In the present case, in addition to the mutual threats and insults that Defendant Thornton and Jones exchanged, their two cars had collided and Jones had slapped the windshield of Defendant's car with the palm of his hand. On an objective standard, Shane, those facts and circumstances, though seriously provocative, were not reasonably sufficient to justify Defendant's use of deadly force in response to that level of that provocation by hurling a tire iron at Jones's car as it sped away. Therefore, I would overrule the fourth assignment of error on a finding that, like the other lesser included offense instructions it declined to give, the trial court did not err when it declined to instruct the jury that it could find Defendant guilty of aggravated assault.
 * * *
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).