JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Francine Mitchell ("defendant"), appeals from a jury verdict finding her guilty of four counts of felonious assault. The verdict was based upon an incident in which two victims, Christian Jones and Tarren McCoy, were shot in the leg. For the following reasons, we affirm.
 {¶ 2} At trial, the following facts were established: On August 19, 2006, at approximately 6:00 p.m., a fight occurred on East 125th Street in Cleveland, Ohio. The fight initially began as a verbal altercation between two neighbors, Kimberly Burns and Regina Barrow, but quickly escalated to the point where approximately 30-50 neighbors and relatives were in the street fighting. At some point, defendant, who had just arrived at the scene, shot Christian Jones in the leg. The bullet went through Christian Jones' leg and pierced Tarren McCoy's calf.
 {¶ 3} On January 26, 2007, the Cuyahoga County Grand Jury indicted defendant on four counts of felonious assault in violation of R.C.2903.11, with firearm specifications. Defendant pleaded not guilty and her case proceeded to a jury trial.
 {¶ 4} At trial, the State alleged that defendant knowingly caused serious physical harm to Christian Jones and Tarren McCoy when she shot them with a firearm. The State presented the testimony of seven witnesses. First, Kimberly Burns testified that she was involved in a fight with her neighbor Regina Barrow. *Page 4 
She heard a shot fired and ran into her house. She was unable to identify the shooter.
 {¶ 5} Next, Lenita Cotton testified that she watched the fight from her front porch. She saw the defendant arrive at the scene with another woman in a red car. She testified that she saw the defendant get out of the car holding a gun and swearing. Lenita testified that she saw the defendant shoot the gun into the ground. Shortly thereafter, Tarren McCoy came onto her porch bleeding from a gunshot wound.
 {¶ 6} Next, Christian Jones testified that he came to help Kimberly Burns in the fight. He testified that he did not have a gun. He testified that the defendant suddenly appeared on the scene and shot at him.
 {¶ 7} Next, Rosalyn Burns testified that she came home early from work because her mother called her and told her there was a fight going on. Rosalyn testified that defendant suddenly appeared with a gun behind her back saying, "Which one is it?" Rosalyn testified that she saw defendant shoot Christian.
 {¶ 8} Tarren McCoy testified that he was at a friend `s house and watched the fight from the sidewalk. Tarren did not get involved in the fight. He heard a gunshot and ran away. He then realized that he had been shot. He could not identify the shooter.
 {¶ 9} Next, Detective Stephen McGraw of the Cleveland Police Department testified that defendant made a statement to him that the gun went off accidently. *Page 5 
Det. McGraw also testified that there was no gunpowder residue on the defendant's hands.
 {¶ 10} Finally, Officer Theodore Perez of the Cleveland Police Department testified he spoke with the defendant shortly after the incident and that the defendant told him she got into a fight with Christian. He testified that the defendant told him that Christian pulled a gun on her, that she tried to get the gun from him, and that the gun just went off.
 {¶ 11} The defense presented five witnesses: Reasha Barrow testified that she picked up defendant after she received a phone call that there was a fight going on at her sister's house. She testified that they arrived at the scene and she did not see defendant with a gun. She testified that she heard the gunshot but did not see the shooter.
 {¶ 12} Regina Barrow testified next. She testified that she got into a fight with her neighbor but that she did not see defendant with a gun. She could not identify the shooter either.
 {¶ 13} John Knack, a ballistics expert, testified that it was possible that the bullet that entered into Tarren McCoy's calf could have been the same bullet that injured Christian Jones.
 {¶ 14} Schaunch Barrow testified that she was involved in the fight. She testified that Christian was hitting her in the head with a black object that might have been a gun. *Page 6 
 {¶ 15} Finally, defendant testified on her own behalf and made the following statements: She received a phone call from Reasha that a fight was going on and agreed to go over to the scene with her. She denied taking a gun with her. She arrived at the scene and saw Christian hitting her cousin Schaunch Barrow with a black object. She saw the object fall to the ground and realized that it was a gun. She bent down to pick it up and another man stomped on her hand. She grabbed the gun with her other hand and the gun accidentally went off and shot Christian. She does not know what happened to the gun after it went off. At the conclusion of the evidence, defendant moved the trial court to instruct the jury on the inferior offense of aggravated assault. The court denied the request, finding that defendant's own testimony did not support an instruction, since she testified that the gun went off accidently.
 {¶ 16} On April 13, 2007, defendant was found guilty as charged in the indictment. On May 18, 2007, defendant was sentenced to concurrent terms of two years on each count of felonious assault and three years on the firearm specification to be served consecutively to the underlying two year sentence, for a total prison term of five years.
 {¶ 17} Defendant now appeals and raises one assignment of error for our review.
 {¶ 18} "I. Trial court erred in refusing to instruct the jury on the offense of inferior degree of aggravated assault." *Page 7 
 {¶ 19} In her sole assignment of error, defendant claims that the trial court erred in refusing to charge the jury on the inferior offense of aggravated assault.
 {¶ 20} Aggravated assault is an offense inferior in degree to that of felonious assault. The two offenses have identical elements except aggravated assault includes the additional mitigating element of provocation. State v. Deem (1988), 40 Ohio St.3d 205. Accordingly, if the defendant presents sufficient evidence of serious provocation, such an instruction must be given to the jury. Id. However, the evidence of provocation must be presented by the defendant and must be reasonably sufficient to bring on extreme stress and incite or arouse the defendant into using deadly force. Id.
 {¶ 21} Here, we find the evidence insufficient, as a matter of law, to establish that defendant was entitled to an instruction on aggravated assault. The defense presented a theory to the jury that the defendant accidently shot the victim. While evidence was presented to show that the scene was chaotic and people were fighting, defendant's testimony belies her claim that she acted under provocation or in defense of herself or others. Specifically, defendant testified that she did not run from the car, that she was not irate and that the gun went off accidently when it fell from Christian's hand.
 {¶ 22} The defense of accident is a complete defense. See State v.Smith, Montgomery App. No. 21004, 2006-Ohio-4405. Ordinarily, when a defendant presents a complete defense as to the substantive elements of the crime, an *Page 8 
instruction on a lesser included offense is improper. See State v.Bethel, 110 Ohio App.3d 416, 2006-Ohio-4853.
 {¶ 23} Here, an instruction on aggravated assault would have required the jury to find that defendant was provoked on the evening in question. However, there was no evidence presented at trial to support such a finding. Defendant's testimony, as the trial court noted, is only consistent with the position that the shooting had occurred by accident. Accordingly, the evidence did not support a lesser-included offense instruction, and such an instruction would have contradicted the defense theory that the shooting was accidental.
 {¶ 24} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR *Page 1