The CITY OF TOLEDO, Appellee,

v.

PENA, Appellant.

[Cite as *Toledo v. Pena*, 185 Ohio App.3d 645, 2010-Ohio-184.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1122.

Decided Jan. 22, 2010.

Jenelda E. Witcher, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This is an accelerated appeal from a judgment of the Toledo Municipal Court that found defendant-appellant, Pedro A. Pena, guilty of disorderly conduct in violation of Toledo Municipal Code 509.03(a)(2). Appellee, the city of Toledo, has not filed a brief in this matter.

{¶ 2} On February 15, 2009, appellant was charged with one count of disorderly conduct-intoxication, in violation of Toledo Municipal Code 509.03(b)(1), a fourth-degree misdemeanor, for an incident that occurred outside a bar in Toledo, Ohio. Appellant pleaded not guilty, and the case proceeded to a jury trial, at the conclusion of which the jury returned a verdict of not guilty. After the court dismissed the jury, however, the court amended the charge to and found appellant guilty of disorderly conduct in violation of Toledo Municipal Code 509.03(a)(2), a minor misdemeanor. The court then sentenced him to a $150 fine and court costs. Appellant subsequently filed a motion to vacate the guilty verdict. The court never ruled on the motion, and appellant appealed the conviction and sentence to this court. Appellant now challenges the lower court's judgment through the following assignments of error:

{¶ 3} "1. The trial court erred prejudicially when it found appellant guilty of an alleged lesser included offense of disorderly conduct, in violation of Toledo Municipal Code 509.03(a)(2), when the appellant was found not guilty by the jury for the original offense charged, disorderly conduct-intoxication, pursuant to Toledo Municipal Code § 509.03(b)(1). The trial court committed prejudicial error in finding the appellant guilty of an alleged lesser included offense that was not validly a lesser included offense. The elements to prove disorderly conduct intoxication are different than the elements to prove disorderly conduct, thus, the name and identity of the crime was changed in this matter contrary to Crim.R. 7(D). The violation that appellant was convicted of, was not a valid lesser included offense of the original charge.

{¶ 4} "2. The trial court violated the appellant's constitutional rights guaranteed under the 5th, 6th, 7th, and 14th Amendments. No person is to be tried twice for the same offense or be put in double jeopardy. When a jury has returned a not guilty verdict for the offense with which the appellant was

charged, the court commits prejudicial error and abuses its discretion, acts arbitrarily and capriciously, to the prejudice of the appellant, to then find the appellant guilty of an alleged lesser included offense. The lower court abused its powers by amending the charge, finding appellant guilty, and sentencing the appellant for an alleged lesser included offense. The lower court effectively and literally tried the appellant again after a jury verdict of not guilty, committing extremely prejudicial error."

{¶ 5} Appellant contends that because the lower court improperly convicted him of disorderly conduct, his conviction must be vacated. For the following reason, we agree.

{¶ 6} Crim.R. 7(D) permits a trial court to amend a complaint even after trial with respect to, among other things, any variance with the evidence, "provided no change is made in the name or identity of the crime charged." By amending the complaint to charge disorderly conduct, the lower court changed the identity of the crime charged. See *Ashtabula v. Tackett* (Dec. 14, 2001), 11th Dist. No. 2000–A–0065, 2001 WL 1602136.

{¶ 7} Nevertheless, Crim.R. 31(C) provides, "[I]f lesser offenses are included within the offense charged, the defendant may be found not guilty of the degree charged but guilty of an inferior degree thereof, or of a lesser included offense."

{¶ 8} Toledo Municipal Code 509.03 is Toledo's disorderly-conduct statute. Subsection (b) proscribes disorderly conduct under intoxication and states:

{¶ 9} "(b) No person, while voluntarily intoxicated, shall do either of the following:

{¶ 10} "(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others."

{¶ 11} Subsection (a) proscribes general disorderly conduct and provides:

{¶ 12} "(a) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

{¶ 13} " * * *

{¶ 14} "(2) Making unreasonable noise or an offensively course utterance, gesture, or display;  or communicating unwarranted and grossly abusive language to any person."

{¶ 15} In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, the Supreme Court of Ohio held, "An offense may be a lesser included offense of another if (i) the offense carries a lesser

penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Applying this test to the statutes at issue, we conclude that disorderly conduct, which requires a mental state of recklessness, is not a lesser included offense of disorderly conduct-intoxication.

{¶ 16} We further note that these sections of the Toledo Municipal Code are identical to the comparable provisions of the disorderly conduct statute in R.C. 2917.11. The court in *State v. Grevas* (Sept. 26, 1979), 1st Dist. No. C–780738, 1979 WL 208789, held that disorderly conduct, as proscribed by R.C. 2917.11(A), is not a lesser included offense of disorderly conduct-intoxication, as proscribed by R.C. 2917.11(B).

{¶ 17} Accordingly, the lower court erred in convicting appellant of disorderly conduct, and the first assignment of error is well taken. Given this disposition, we need not address the second assignment of error.

{¶ 18} On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial, and the judgment of the Toledo Municipal Court is reversed. This case is remanded to that court for the court to enter judgment consistent with the jury's verdict and in favor of appellant. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

HANDWORK and SINGER, JJ., concur.