[Cite as *State v. Bethune*, 2014-Ohio-385.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99794**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRANDON BETHUNE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568657

**BEFORE:** S. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Edward D. Brydle
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant Brandon Bethune appeals from his conviction of felonious assault entered upon a jury verdict. For the following reasons, we affirm.

{¶2} In April 2012, Bethune punched his sister in the face with enough force to inflict a fractured orbital bone, a laceration, and substantial swelling. The victim experienced double vision for two months following the injury, and required surgery, which she was unable to undergo because of her maternal obligations. The victim's testimony was the only evidence establishing the sequence of events leading to the assault. According to the victim, Bethune lived with her, although he never paid rent or utilities. They had a normal brother–sister relationship prior to the event in April 2012. On that day, the victim was using her computer in her bedroom when Bethune entered and asked to fix it. Apparently, there was a small dislodged piece on the corner of the laptop. The victim declined the offer, but Bethune persisted, and the encounter degraded into a shoving match initiated by Bethune, with the victim trying to get him to leave her room. Ultimately, Bethune punched his sister in the eye and the police were called.

{¶3} Bethune opted for a trial, and the jury, after hearing the evidence, rendered a guilty verdict on the felonious assault and domestic violence counts. The trial court merged the offenses for the purposes of sentencing, and Bethune was sentenced to serve four years of incarceration with a mandatory three-year term of postrelease control. It is from this conviction that Bethune appeals, advancing one assignment of error in which he

claims the trial court erred in failing to instruct the jury on the inferior offense of aggravated assault. We find no merit to Bethune's argument.

{¶4} A trial court is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, 883 N.E.2d 1052, ¶ 72. Jury instructions must be viewed as a whole to determine whether they contain prejudicial error. *State v. Fields*, 13 Ohio App.3d 433, 436, 469 N.E.2d 939 (8th Dist.1984). In *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), the Ohio Supreme Court held that aggravated assault was an inferior degree of felonious assault because the elements were identical except for the additional mitigating element of provocation. Therefore, "in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury." *Id.* at paragraph four of the syllabus. To be considered serious, the provocation must be reasonably sufficient to bring on extreme stress and incite or arouse the defendant into using deadly force. *Id.* at paragraph five of the syllabus.

{¶5} "In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *Id.* In *State v. Shane*, 63 Ohio St.3d 630, 590 N.E.2d 272 (1992), the Ohio Supreme Court further determined the bounds of serious provocation, through the use of a two-part inquiry: (1) the provocation must be sufficient to arouse the passions of an

ordinary person beyond the power of his or her control, and (2) the defendant in the particular case must actually be under the influence of sudden passion or in a sudden fit of rage. *Id.* at 634-635. Words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations. *Id.* at paragraph two of the syllabus.

{¶6} In this case, the record is devoid of any evidence that the victim provoked Bethune, much less to such a level as to be deemed serious provocation. The victim merely declined Bethune's offer to fix the laptop and asked him to leave her room. The altercation that ensued was of Bethune's making when he refused to leave and started pushing the victim in her own bedroom. We cannot say that the trial court erred in omitting the aggravated assault jury instruction because there is no evidence of Bethune's emotional or mental state nor any evidence of a serious provocation. At best, the evidence established that Bethune had anger issues, and his leap from helpful intentions to violently punching the victim in the face was not beyond the ordinary person's power or control. Bethune's sole assignment of error is overruled.

{¶7} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR